**Steven Richard PETHTEL and Dorana Rene Pethtel, Petitioners,**

v.

**ATTORNEY GENERAL OF INDIANA, Respondent.**

**Civ. No. F 89–03.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Jan. 11, 1989.

---

Howard S. Grimm, Jr., Fort Wayne, Ind., for petitioners.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a "Motion for Petitioners to be Released on Bail Pending the Petition for Writ of Habeas Corpus under 28 U.S.C. 2254." That motion was filed on January 10, 1989, at approximately 4:00 p.m. Accompanying the motion for release on bail was a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254." For the reasons set forth below, the motion for release on bail will be denied.

### Discussion

In their motion for release on bail, petitioners ask this court to be allowed to remain on bail pending determination of their petition for a writ of habeas corpus which was filed yesterday. In support of that motion, petitioners state that they were convicted in the Superior Court of Noble County, Indiana of the crimes of perjury and child molestation. According to their petition for a writ of habeas corpus, that conviction was handed down on August 13, 1987 and petitioner Steven Pethtel received a sentence of five years' imprisonment together with a $5,000.00 fine while petitioner Dorana Pethtel received a four year sentence together with a $5,000.00 fine. Petitioners then appealed from the judgment of conviction to the Indiana Court of Appeals and that court affirmed their convictions on August 18, 1988. A motion for rehearing was denied by the Indiana Court of Appeals on September 7, 1988. Subsequently, on October 12, 1988, a petition for transfer was submitted to the Indiana Supreme Court. The Indiana Supreme Court denied the petition on January 4, 1989.

During the pendency of their state criminal proceedings, the petitioners were each released on a $5,000.00 cash bond. Although not specifically addressed in their motion for release on bail, it appears that the petitioners are presently subject to immediate incarceration with the Indiana Department of Corrections as a result of their state criminal court convictions. Petitioners now ask this court to allow them to remain free on the $5,000.00 cash bail pending this court's determination of the merits of their petition for a writ of habeas corpus.

In support of their request for release on bail, petitioners contend that they are under severe emotional distress and that if incarcerated before there is a final determination of their petition for a writ of habeas corpus they will suffer irreparable harm "because of the emotional and psychological strains of this unconstitutionally obtained conviction." (Rec. 2, p. 2). They further contend that there is a substantial likelihood of success on the merits of their petition for a writ of habeas corpus and that the public interest would not be harmed because they have not been a threat to either themselves or society during the pendency of their state criminal court proceedings. Petitioners also contend that they are presently seeing a professional counselor "and that if this coun-

seling were to be stopped, it could cause harm to the petitioners." (*Id.*). According to their motion, during the pendency of the state criminal court proceedings "the petitioners have complied with each and every order and directive of the Court and represent no possible risk of flight." (*Id.*, p. 1).

■ As a legal basis for their release, petitioners argue "that the granting of bail is justified under Rule 2(b) 28 U.S.C. 2254 and Rule 23 F.R.A.P. and that these petitioners are 'in custody' ... [and] that bail is allowed under F.R.C.P. 46(c) 18 U.S.C. 3142–3144...." (*Id.*, p. 3). While this court agrees that the petitioners are presently "in custody" for purposes of 28 U.S.C. § 2254, *see, e.g.,* *Hutson v. Justices of Wareham District Court*, 552 F.Supp. 974 (D.Mass.1982), this court does not necessarily agree that the rules and statutes relied upon by the petitioners allow for the relief that they are requesting.

For example, petitioners rely upon Rule 2(b) of the "Rules Governing Section 2254 Cases in the United States District Courts." In its entirety, Rule 2(b) provides:

> **(b) Applicants subject to future custody.** If the applicant is not presently in custody pursuant to the state judgment against which he seeks relief but may be subject to such custody in the future, the application shall be in the form of a petition for a writ of habeas corpus with an added prayer for appropriate relief against the judgment which he seeks to attack. In such a case the officer having present custody of the applicant and the attorney general of the state in which the judgment which he seeks to attack was entered shall each be named as respondents.

A fair reading of the foregoing rule indicates that it is directed towards the requirements of the actual petition, including matters relating to its form, content, scope, and sufficiency. While Rule 2(b) speaks in terms of a "prayer for appropriate relief" it does not appear to address the power of the court to grant any specific type of relief. Rather, according to the Advisory Committee Notes, the language relating to a "prayer for appropriate relief" was in-

serted because a petitioner subject to custody in the future "will usually not be released from present custody" and thus the petitioner must specify the relief sought. The petitioners have not presented, and this court has not been able to locate, any cases decided under Rule 2(b) which would suggest that that rule is the proper vehicle for maintaining their present release on bond pending this court's review of their petition for a writ of habeas corpus.

Similarly, it would appear that petitioners' reliance upon Rule 23 of the Federal Rules of Appellate Procedure is misplaced. "The principal thrust of Rule 23 ... is fourfold: (a) pending an appeal from a habeas corpus decision, custody of the prisoner should not be transferred except by court order; (b) where the prisoner appeals from an adverse decision, the court or judge may order that he remain in custody or that he be enlarged upon his recognizance, with or without surety; (c) where the state appeals from a release order, the prisoner shall be released upon his recognizance, with or without surety, unless the court or a judge shall order otherwise; and (d) the initial order respecting custody or enlargement of the prisoner, in any recognizance or surety taken shall govern review in the court of appeals unless for special reasons shown to the court of appeals or a judge thereof the order is modified." 16 Wright, Miller, Cooper and Gressman, *Federal Practice and Procedure* § 3969. It appears from both the rule and the discussion in Wright and Miller that Rule 23 is directed towards review of a *decision* in a habeas corpus proceeding. In fact, subsection (a) of Rule 23 sets forth the parameters of that rule and indicates that it applies to the transfer of custody of prisoners pending review of a decision which has already been entered in a habeas corpus case. Clearly, subsections (b) and (c) do not apply since they specifically relate to a review of a decision which either releases or fails to release a prisoner. Nor would it appear that subsection (d) applies since it deals with "an initial order" and "[n]o to such 'initial order' has been entered in this matter ..." *Woods v. Clusen*, 637 F.Supp.

1195, 1197 (E.D.Wisc.1986). Since no decision has yet to be entered on the petition for a writ of habeas corpus and further since no initial order respecting the custody or enlargement of the prisoners has been entered by this court, it would appear that Rule 23 of the Federal Rules of Appellate Procedure simply does not apply to the situation presently before the court.

Even if Rule 23(a) of the Federal Rules of Appellate Procedure did apply to the facts of this case, it would be of no benefit to present petitioners. That rule "prohibits the transfer of custody of a petitioner pending review of a decision in a habeas corpus proceeding filed by that petitioner in federal court, except by order of the court rendering the decision." *Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir. 1982). "The rule was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981), *citing Jago v. U.S. District Court*, 570 F.2d 618, 626 (6th Cir.1978). If present petitioners are incarcerated with the Indiana Department of Corrections it would not appear that such incarceration would divest this court of jurisdiction over their habeas petition since they were convicted in the Noble Superior Court which is in the Northern District of Indiana. Moreover, "courts have held that transfers made in violation of the rule do not divest the reviewing court of its jurisdiction." *Hammer, supra*, at 961. Thus, even if Rule 23(a) of the Federal Rules of Appellate Procedure were to apply to this case, it would not appear that petitioners would be subject to the type of transfer which the rule was intended to avoid.

Petitioners' reliance upon Rule 46(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3142–3144 is also misplaced. "The standards for release and for bail set forth in 18 U.S.C. §§ 3142–3152 and Rule 46 Fed.R.Crim.P. ... are irrelevant to the release by federal courts of state prisoners." *United States ex rel. Thomas v. New Jersey*, 472 F.2d 735, 742 (3d Cir.),

*cert. denied*, 414 U.S. 878, 94 S.Ct. 121, 38 L.Ed.2d 123 (1973). "They deal with federal criminal proceedings only." *Id.; accord Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir.1987).

"The federal court's authority to release a state prisoner on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself." *Marino, supra*, at 507, *citing among others Ostrer v. United States*, 584 F.2d 594 (2nd Cir.1978). "In spite of the lack of specific statutory authorization, it is within the inherent power of a district court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir.1975) (*per curiam*). "Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that 'presents not merely a clear case on the law, but a clear, and readily evident, case on the facts,' *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir.1972), but also the existence of 'some circumstance making [the request] exceptional and deserving of special treatment in the interest of justice.'" *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir.1986), *quoting Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J.) (chambers opinion). "Habeas petitioners are rarely granted release on bail pending disposition or pending appeal." *Martin, supra*, at 392.

While "there is abundant authority that federal district judges in habeas corpus and § 2255 proceedings have inherent power to admit applicants to bail pending the decisions of their cases, [it is] a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). "The reasons for parsimonious exercise of the power should be obvious." *Id.* "A defendant whose conviction has been affirmed on appeal ... is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his post conviction proceeding is even weaker than the case for bail pending appeal. And the

interest in the finality of criminal proceedings is poorly served by deferring execution of sentence until long after the defendant has been convicted." *Id.*

 Although this court has the inherent power to continue petitioners' bail pending the outcome of their petition for a writ of habeas corpus, it is a power which is to be sparingly used and which will not be exercised in this case. Present petitioners have demonstrated no exceptional circumstances and have not shown that they are deserving of special treatment in the interests of justice. All that supports their claim for release are conclusory allegations to the effect that they will be harmed if they are incarcerated because they are in need of counseling.

In reaching the foregoing conclusions, this court is not unmindful of an affidavit submitted on behalf of petitioners in support of their motion for release on bail. That affidavit was provided by Robert T. Siniquefield. In the affidavit, Mr. Siniquefield avers as follows:

(1) that I am a research analyst for the firm of Legal Research, in Chicago, Illinois;

(2) that through the course of that employment, I had occasion to meet the Petitioners Steven Pethtel and Dorana Pethtel;

(3) that my own observation was that these individuals were suffering under a great deal of stress and needed counseling with professional psychological treatment;

(4) that I introduced them to Ms. Beth Hogen, a person who specializes in the care and treatment of persons with behavioral disorders and learning disabilities;

(5) that Ms. Hogen has agreed to continue counseling and treatment with these petitioners if they are able to visit her in Fort Wayne, and Chicago, Ill.

(6) that in my opinion, the petitioners will benifit [sic] from such treatment.

Clearly, Mr. Siniquefield is not competent to render what is essentially a medical opinion as to the psychological condition of the petitioners. For that reason, this court has chosen to give little weight to Mr. Siniquefield's affidavit.

### Conclusion

On the basis of the foregoing, petitioners' January 10, 1989 "Motion for Petitioners to be Release on Bail Pending the Petition for Writ of Habeas Corpus under 28 U.S.C. 2254" is hereby DENIED.