John S. **BERGMANN**, Petitioner,

v.

Gary R. **McCAUGHTRY**, Warden,
**Waupun Correctional Institution,
Waupun, Wisconsin, Respondent.**

No. 94–C–149.

United States District Court,
E.D. Wisconsin.

June 28, 1994.

Angermeier & Rogers by Mark J. Rogers, Milwaukee, WI, for petitioner.

James E. Doyle, Jr., Atty. Gen. by Sally Wellman, Asst. Atty. Gen., Madison, WI, for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On February 9, 1994, the petitioner, John S. Bergmann, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. By decision and order of February 28, 1994, I directed the respondent, Gary R. McCaughtry, to answer the petition. *See* Rule 4, Rules Governing Habeas Corpus Cases. After Mr. McCaughtry filed his answer on April 25, 1994, the court issued a scheduling order directing both Mr. Bergmann and Mr. McCaughtry to serve and file briefs in support of and in opposition to the petition. Presently before the court is Mr. Bergmann's "Motion for Release on Bail Pending the Petition for Writ of Habeas Corpus." The motion will be denied.

In Mr. Bergmann's motion for release on bail, he asks this court to consider releasing him on "either a low cash bail or ... on his *own recognizance*" pending a determination of his petition for a writ of habeas corpus. In support of his motion, Mr. Bergmann states that his state convictions for first degree reckless injury while armed with a dangerous weapon, theft from a person, kidnapping while armed, and threatening a witness were obtained in violation of his Fifth Amendment privilege against self-incrimination when the prosecutor referred to his possible alibi in her opening statement and when she called one of his alibi witnesses to impeach him as to the alibi. He also maintains that his trial counsel were ineffective, and there was insufficient evidence to support his conviction.

Mr. Bergmann asserts that he is entitled to be released on bail pending this court's determination of his petition for a writ of habeas corpus because there is a "high probability that [he] will prevail on the instant habeas action" and "[p]rior to [his criminal] trial [he] was released on $8,000 bond ... [and] did not flee and attended all court hearings." (Motion for Release at ¶¶ 2 and 3.) If released, Mr. Bergmann would reside with his mother in Indianapolis, Indiana and will have employment in Bloomington, Indiana. (Bergmann aff. at ¶¶ 5 and 8.)

There is substantial authority that federal district judges in habeas corpus proceedings under 28 U.S.C. § 2254 have "inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir.1985) (citing *In re Wainwright*, 518 F.2d 173 (5th Cir.1975) (per

curiam)). In order to obtain release on bail pending a decision of his petition for a writ of habeas corpus, Mr. Bergmann must show "not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." *Pethtel v. Attorney General of Indiana,* 704 F.Supp. 166, 169 (N.D.Ind.1989) (quoting *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir.1972)). Further, Mr. Bergmann must establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice. *See Pethtel,* 704 F.Supp. at 169 (citing *Martin v. Solem,* 801 F.2d 324, 329 (8th Cir.1986)).

It is not surprising that because of this stringent standard, "habeas petitioners are rarely granted release on bail pending disposition" of their petition. *Pethtel,* 704 F.Supp. at 169 (citing *Martin,* 801 F.2d at 329).

In the instant action, Mr. Bergmann has not shown that exceptional circumstances exist which warrant the extraordinary relief requested; nor has he shown that he is deserving of special treatment in the interest of justice. All that supports his claim for release on bail is his conclusory and self-serving statements regarding the merits of his claim and his willingness to abide by the terms of bail if he is released. Accordingly, the better exercise of my discretion is to deny Mr. Bergmann's "Motion for Release on Bail Pending the Petition for a Writ of Habeas Corpus."

Therefore, IT IS ORDERED that Mr. Bergmann's "Motion for Release on Bail Pending the Petition for a Writ of Habeas Corpus" be and hereby is denied.