Cardell C. **MITCHELL**, Petitioner,

v.

Gary R. **MCCAUGHTRY**, Respondent.

No. 01–C–1116.

United States District Court,
E.D. Wisconsin.

Sept. 23, 2003.

Cardell C. Mitchell, Pro se.

Christian R. Larsen, Madison, WI, for Respondent.

### DECISION AND ORDER

ADELMAN, District Judge.

Animated by the concern that multiple collateral attacks on state criminal convictions commenced long after trial harmed the states' interest in finality, Congress enacted the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ADEPA established a one year statute of limitations on applications for habeas corpus relief by state prisoners, 28 U.S.C. § 2244(d); and, subject to certain narrow exceptions, a limit of one application per conviction, 28 U.S.C. § 2244(b)(2). Thus, for the most part, state prisoners are now afforded only one opportunity to obtain federal habeas relief.

It is therefore essential that prisoners receive a full and fair opportunity to present their claims during that proceeding. The present case involves two potential impediments to that opportunity.

First, AEDPA's statute of limitations creates tension with the pre-AEDPA requirement that petitions containing "unexhausted" claims, i.e. those not (yet) presented to the state courts, be dismissed without prejudice. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

> Prior to the advent of AEDPA, dismissal without prejudice to the filing of a new, exhausted petition caused no detriment to the petitioner, because there was no time limitation on the filing of a federal habeas petition. AEDPA's one-year statute of limitations, however, has rendered outright dismissal perilous to some litigants, because petitioners ... may find themselves time-barred when they attempt to resubmit their exhausted claims to the district court.

*Anthony v. Cambra,* 236 F.3d 568, 573 (9th Cir.2000).[1] A solution to this problem (appropriately employed in the present case) is to stay the habeas petition while the prisoner presents his unexhausted claim(s)

---

1. The new petition will not be considered a second or successive collateral attack, as the first petition will have been dismissed without prejudice, not on the merits. *See Slack v.* *McDaniel,* 529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (stating that a petition filed after a dismissal under *Rose* is to be treated as any other first petition).

to the state courts; following exhaustion, the prisoner can re-activate the petition and obtain the one full and fair opportunity for habeas review to which he is entitled.

Second, AEDPA's limitations may affect a prisoner's ability to amend his petition. For example, if a petition is amended more than one year after the conviction being challenged became final, the amended claims may be considered untimely.[2] To prevent this from occurring, thus enabling prisoners to receive one full and fair opportunity to pursue their federal claims, habeas petitioners must be allowed to amend their petitions consistent with Fed. R.Civ.P. 15, like any other civil litigant. They must be allowed to amend as a matter of course under Rule 15(a), and, for purposes of the statute of limitations, any amended claims should "relate back" to the full extent allowed by Rule 15(c).

With these principles in mind, I consider the petition of Cardell C. Mitchell.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Cardell C. Mitchell, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Milwaukee County Circuit Court, following a jury trial, of first degree reckless homicide and three counts of first degree recklessly endangering safety, for which he was sentenced to 52 years in prison. The convictions stemmed from an incident in which

petitioner, apparently without provocation, sprayed an automobile with gun fire at a gas station, killing one of the occupants.

Petitioner appealed, but his appointed appellate counsel filed a no merit report, to which petitioner did not respond.[3] The court of appeals adopted the no merit report, summarily affirming his convictions. Petitioner filed a pro se petition for review in the state supreme court, which was denied.[4]

Petitioner then filed a pro se motion for post-conviction relief in the state trial court pursuant to Wis. Stat. § 974.06, arguing that his trial lawyer was ineffective. The trial court denied the motion without a hearing. The court of appeals affirmed, holding that the issues raised had either been adjudicated previously[5] or were procedurally barred by *State v. Escalona–Naranjo*, 185 Wis.2d 168, 181, 517 N.W.2d 157 (1994) (holding that § 974.04 movant may not raise issues that were or could have been raised earlier absent "sufficient reason" for failing to do so). The state supreme court denied petitioner's request for review.

Petitioner next sought habeas relief in this court. He asserted seven grounds for relief: (1) that he received ineffective assistance of counsel at trial; (2) that the prosecutor committed misconduct by failing to disclose evidence; (3) that perjured testimony was presented at his trial; (4) that tainted evidence was used at his trial; (5) that the charge against him was

---

**2.** Some courts had considered such amended petitions second or successive collateral attacks, but that position has since been repudiated. *See Johnson v. United States*, 196 F.3d 802, 805 (7th Cir.1999).

**3.** Petitioner argues that he was unable to respond because counsel failed to provide the transcripts.

**4.** The only issues petitioner raised pertained to the alleged failure of appellate counsel to

turn over the transcripts and the court of appeals' failure to do anything about it. He asked the supreme court to "reinstate" his direct appeal. He did not raise substantive issues.

**5.** In her no merit report, appellate counsel had considered whether trial counsel was ineffective in two respects. The court of appeals agreed that he was not.

amended on the day of trial, impeding his ability to prepare a defense; (6) that the trial judge denied his right to conflict-free counsel; and (7) that his sentence was excessive and no sentencing guidelines were used. Petitioner requested that the petition be stayed while he litigated a motion alleging ineffective assistance of appellate counsel in state court pursuant to *State v. Knight*, 168 Wis.2d 509, 520, 484 N.W.2d 540 (1992) (stating that in order to bring claim of ineffective assistance of appellate counsel defendant should petition the appellate court that heard the case for a writ of habeas corpus).[6]

The matter was assigned to a magistrate judge for pre-trial purposes. However, the parties did not consent to the full exercise of jurisdiction by the magistrate judge.

On November 5, 2001, the magistrate screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, ordering respondent to file an answer. He denied the request to stay proceedings while petitioner litigated his *Knight* motion because petitioner had not included ineffective assistance of appellate counsel among his grounds for relief; thus, he concluded, no stay to permit exhaustion was necessary.

Respondent was served with the petition on or about November 8, 2001, and, following an extension of time, filed an answer and motion to dismiss on December 26, 2001. Respondent argued that petitioner had procedurally defaulted part of his ineffective assistance of trial counsel claim by failing to properly raise it in state court. In affirming the denial of his § 974.06 motion, the state court of appeals noted that it had addressed two aspects of that

claim on direct appeal and would not do so again. To the extent that petitioner's motion raised new issues, the court held that they were barred by *Escalona–Naranjo*.

Respondent argued that petitioner had procedurally defaulted his second, third, and sixth claims because they were not raised in appellate counsel's no merit report or in any response to the no merit report from petitioner. Respondent further argued that petitioner failed to present any of his claims to the Wisconsin Supreme Court in his pro se petition for review on direct appeal, resulting in default of all of them. Because petitioner had procedurally defaulted, his claims could be heard in this court only if he could establish (1) cause and prejudice, or (2) a fundamental miscarriage of justice, i.e. the conviction of an innocent man. Respondent argued that petitioner could establish neither.

Meanwhile, on December 21, 2001, petitioner moved to amend his petition,[7] raising additional grounds for relief: (8) that he was denied the right to appeal; (9) that he received ineffective assistance of appellate counsel; (10) that the criminal complaint was defective; (11) that his jury was biased; (12) that the court commissioner who presided over his initial appearance and preliminary hearing made an improper comment; and (13) that the district attorney referred to his right to remain silent during the trial. He asked the court to hold the petition in abeyance while he exhausted state remedies pertaining to the amended claims.

On December 27, 2001, the magistrate ordered petitioner to respond to respondent's motion to dismiss within 21 days.

---

**6.** Presumably, petitioner wanted to show through the *Knight* proceeding that his appellate lawyer's ineffectiveness caused the failure to properly raise his other claims in the state courts.

**7.** Respondent apparently had not received the amended petition prior to filing his answer.

On January 18, 2002, the magistrate granted petitioner an extension of time to respond to the motion to dismiss and also ordered respondent to respond to petitioner's motion to amend.

Petitioner filed his response on February 6, 2002, arguing that his attorneys had rendered ineffective assistance, that he had been unable to respond to appellate counsel's no merit report because he did not have the trial transcripts, and that he was actually innocent of the crime. Petitioner also requested appointment of counsel.

On February 15, 2002, respondent responded to petitioner's motion to amend, arguing that leave to amend should not be granted because it would be futile, or in the alternative that the amended petition be dismissed, because all of the additional claims petitioner sought to raise had been procedurally defaulted or state court remedies had not been exhausted.[8]

On January 9, 2003, petitioner wrote the court requesting that it stop his anticipated transfer from Waupun Correctional Institution to Columbia Correctional Institution. The transfer occurred, and on January 29, 2003, petitioner requested an order that he be sent back to Waupun.

On March 24, 2003, the magistrate issued a decision on the non-dispositive motions and a recommendation on respondent's motion to dismiss. He denied petitioner's motion to amend, concluding that it came too late to be allowed as a matter of course. He denied leave to amend because the amended claims did not "relate back" to the original petition under Fed.R.Civ.P. 15(c), making them untimely and rendering the amendment futile. He denied as moot the motion to hold the case in abeyance while petitioner exhausted the amended claims.

The magistrate then recommended that respondent's motion to dismiss on grounds of procedural default be granted. He noted that petitioner conceded default but argued actual innocence. The magistrate concluded that petitioner had not satisfied the actual innocence test. Based on this recommendation, the magistrate denied the request for appointment of counsel. Finally, the magistrate denied petitioner's motion to be transferred back to Waupun because the Rule upon which petitioner relied—Fed. R.App. P. 23—did not apply while the matter was pending before the district court, only on appeal.

On April 1, 2003, petitioner filed a "Motion to Relieve, Amend, Reconsider Decisions, Orders and Recommendation," in which he argued that because he had not consented to the jurisdiction of the magistrate, the magistrate should not have entered any orders or recommendations. On April 3, 2003, he filed supplemental objections to the magistrate's order and recommendation.[9] Respondent did not reply to the objections. The matter is now before me for decision.

## II. APPLICABLE LEGAL STANDARDS

### A. Review of Magistrate Judge's Decision and Recommendation

A magistrate judge, assigned without consent of the parties, has jurisdiction to decide non-dispositive matters. *See* Fed. R.Civ.P. 72(a). The parties may seek reversal of such an order from the district court, but the district judge may act only "where it has been shown that the magis-

---

8. Respondent assumed that the time for amending as a matter of course had passed.

9. He filed another motion for withdrawal of the magistrate's order on May 27, 2003, again arguing that the magistrate lacked jurisdiction.

trate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

A magistrate judge may not without consent decide dispositive matters but only make a recommendation to the district judge. *See* Fed.R.Civ.P. 72(b). The district judge reviews de novo those portions of the magistrate's recommendation on dispositive matters to which timely objections are received. *See* 28 U.S.C. § 636(b)(1); *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Because petitioner has timely objected, I will review the recommendation that his petition be dismissed based on procedural default de novo and the orders on his motions to amend, for a stay, for appointment of counsel, and concerning his prison transfer for clear error.

## B. Habeas Standards

### 1. Exhaustion Requirement

"A federal court may grant a writ of habeas corpus to a prisoner held under a state court judgment only if his custody violates the Constitution, laws, or treaties of the United States." *Mahaffey v. Schomig,* 294 F.3d 907, 914 (7th Cir.2002), *cert. denied,* 537 U.S. 1120, 123 S.Ct. 890, 154 L.Ed.2d 799 (2003) (citing 28 U.S.C. § 2254(a)). However, before a federal court may consider the merits of a habeas petition, a petitioner must satisfy several procedural requirements:

> First, a petitioner must exhaust state remedies—that is, give the state's highest court an opportunity to address each claim. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 839, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir.2001). To satisfy this requirement, a petitioner must present to the state judiciary both the operative facts and legal principles that control each claim. *See Wilson,* 243 F.3d at

327. Second, the petitioner must comply with state rules to avoid procedurally defaulting his claims. *See Boerckel v. O'Sullivan,* 135 F.3d 1194, 1196–97 (7th Cir.1998), *rev'd on other grounds by O'Sullivan v. Boerckel,* 526 U.S. 838, 849, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). A federal court, however, may excuse a procedural default if a petitioner can show either cause for the default and prejudice arising from failure to review the claims, or that failure to review the claims on procedural grounds would result in a fundamental miscarriage of justice. *See Howard v. O'Sullivan,* 185 F.3d 721, 726 (7th Cir.1999).

*Id.* at 914–15. If a petitioner complies with these requirements, a federal court may adjudicate his habeas petition on the merits under the standard set forth in 28 U.S.C. § 2254(d).

### 2. Review of the Merits

A writ of habeas corpus may be granted with respect to claims adjudicated on the merits in state court if the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court]." *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of Supreme Court prece-

dent occurs when "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407, 120 S.Ct. 1495; *see also Jackson v. Miller,* 260 F.3d 769 (7th Cir.2001). *Dixon v. Snyder,* 266 F.3d 693, 700 (7th Cir.2001) (footnote omitted; alteration in original).

█ I review the state court's legal conclusions de novo. However, in order to issue a writ of habeas corpus, the state court decision must be both incorrect and unreasonable. *Id.; see also Williams,* 529 U.S. at 411, 120 S.Ct. 1495 (holding that the term "unreasonable" is not synonymous with "erroneous" or "incorrect").

Finally, on habeas review a state court's factual findings are presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III. DISCUSSION

### A. Motion to Amend

█ Because the rules governing habeas actions do not address motions to amend, courts look to the analogous rule of civil procedure—Fed.R.Civ.P. 15. *See Newell v. Hanks,* 283 F.3d 827, 834–35 (7th Cir.2002); *see also Johnson,* 196 F.3d at 805 (applying Rule 15 in § 2255 case). Rule 15(a) specifies when a party may amend his pleadings:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Rule 15(c) discusses when an amended pleading "relates back" to the original date of filing for purposes of the statute of limitations:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The magistrate judge stated that a pleading can be amended as a matter of

course at any time before the pleading is served or, if it has been served, at any time within twenty days after it was served. In any other situation, amendment is allowed only by consent of the adverse party or by leave of the court. He then held that petitioner could not amend his petition as a matter of course because the motion was filed more than twenty days after the petition was served.[10]

However, the magistrate judge misread Rule 15(a). The Rule allows amendment of a petition as a matter of course before a *responsive pleading* is served, not before the *petition* is served. In the present case, petitioner filed his motion to amend on December 21, 2001, before respondent filed his answer on December 26, 2001.

■■■ The Rule speaks of the date on which the responsive pleading is "served" not filed, but the result is the same. Under Fed.R.Civ.P. 5(b)(2)(B), service is complete upon mailing, and petitioner de-

livered his amended petition to prison officials for mailing on or about December 14, 2001. The envelope in which the amended petition arrived in this court bears a postmark of December 20. However, under the so-called "mailbox rule" a prisoner's papers are "deemed filed when given to the proper prison authorities and not when received by the district court clerk," *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir.1999); the date on an envelope "does not necessarily indicate the date on which legal mail is presented to prison authorities, which is the pertinent information with respect to the mailbox rule, because the only date recorded [on the envelope] is the date of mailing." [11] *United States v. Gray,* 182 F.3d 762, 766 (10th Cir.1999). Thus, even though respondent's affidavit of mailing indicates that he sent his answer to the petition on December 19, I conclude that because petitioner delivered his amended petition to prison authorities for mailing before that date he is entitled to amend as a matter of course.[12]

---

**10.** He denied leave to amend based on his conclusion that the amended claims did not "relate back" and thus would be untimely.

**11.** Cases construing the mailbox rule usually speak in terms of when a paper is "filed" rather than "served" because the inmate is typically seeking to excuse tardy filing with the court. However, the rule applies equally to service. *See United States v. Duke,* 50 F.3d 571, 574–75 (8th Cir.1995) (holding, in § 2255 case, that prisoner's motion was considered served under Rule 5(b) when delivered to prison authorities for mailing). The rule was developed because inmates cannot physically file papers at the court house or even place them in a post box; thus, their papers are deemed filed when they do the next best thing—give them to prison authorities to mail. The date of service under Fed. R.Civ.P. 5(b)(2)(B) should therefore be considered the date the inmate gives the paper to prison officials to mail. *See also Noble v. Kelly,* 246 F.3d 93, 97 (2d Cir.), *cert. denied,* 534 U.S. 886, 122 S.Ct. 197, 151 L.Ed.2d 139 (2001) (stating that mailbox rule had been

extended to service and filing of various papers).

**12.** Because timeliness is an affirmative defense, I do not ordinarily address it on initial screening. In the present case, the magistrate judge concluded that the amended claims would be untimely and thus denied leave to amend. He relied on *Newell,* which found that an amendment making a technical change in the petition "related back" under Rule 15(c). 283 F.3d at 834. However, *Newell* did not hold that *only* technical amendments related back. In *Ellzey v. United States,* 324 F.3d 521, 525–26 (7th Cir.2003), the court adopted an amendment-friendly construction of Rule 15(c) in § 2255 litigation, consistent with the requirement that inmates receive one full and fair opportunity for habeas review. The court rejected the conclusion reached by other courts of appeals that amendments adding new theories did not relate back under Rule 15(c). *Id.* Because petitioner's amendment must be allowed as a matter of course, I need not rule on whether the amended claims would relate back and be timely. I do not prejudice any rights respon-

## B. Rule 4 Screening of Amended Petition

Having concluded that petitioner may amend his petition, I must preliminarily consider the amended claims pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Rule provides:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

■ Petitioner's eighth claim is that he was denied the right to appeal.[13] However, there is no federal constitutional right to appeal. See Evitts v. Lucey, 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("[T]he Constitution does not require States to grant appeals as of right to criminal defendants seeking to review alleged trial court errors."). Therefore, this claim must be dismissed.

■ Petitioner's ninth claim is that he was denied the effective assistance of appellate counsel. This is a viable constitutional claim, and I cannot conclude that petitioner is entitled to no relief on it. See id. at 396, 105 S.Ct. 830 ("A first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").

■ Petitioner's tenth claim is that the criminal complaint under which he was charged was defective because it did not set forth essential facts, and that the complaint was later improperly amended. I cannot conclude that petitioner is entitled to no relief on this claim. See, e.g., United States v. Fassnacht, 332 F.3d 440, 444–45 (7th Cir.2003) (discussing minimum requirement of indictment); United States v. Anderson, 280 F.3d 1121, 1124 (7th Cir. 2002), cert. denied, 537 U.S. 1176, 123 S.Ct. 1010, 154 L.Ed.2d 921 (2003) (discussing due process requirements for information contained in indictments).

Petitioner's eleventh claim is that his jury was biased and unconstitutionally selected. This is also a potentially viable claim. See, e.g., Morgan v. Illinois, 504 U.S. 719, 726, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992) (discussing right to impartial jury); Batson v. Kentucky, 476 U.S. 79, 86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (prohibiting racial discrimination in jury selection).

■ Petitioner's twelfth claim is that the court commissioner who presided over his preliminary hearing made an improper comment at his initial appearance. Ostensibly, the argument is that because the court commissioner was biased, petitioner's preliminary hearing was unfair. However, any error at the preliminary hearing became harmless and unreviewable after the jury found him guilty after trial. See United States v. Mechanik, 475 U.S. 66, 71–73, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (holding that error in grand jury was harmless beyond a reasonable doubt in light of petit jury's verdict of guilty).[14]

---

dent may have to contest timeliness. I note, however, that the standard appears to be broader than outlined in the recommendation.

13. Because petitioner incorporated the seven claims from his original petition in the amended petition, I will evaluate petitioner's amended claims using the sequential numbering contained in the amended petition.

14. Similarly, under Wisconsin law, "a defendant who claims error occurred at his preliminary hearing may only obtain relief before trial." State v. Webb, 160 Wis.2d 622, 628, 467 N.W.2d 108 (1991). The Webb court stat-

 Petitioner's thirteenth claim is that the prosecutor made reference to his right to remain silent during the trial. This is a colorable claim. *See, e.g., Doyle v. Ohio,* 426 U.S. 610, 611, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (stating that a prosecutor violates a defendant's due process rights by seeking to "impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving *Miranda* warnings at the time of his arrest"); *Griffin v. California,* 380 U.S. 609, 614–15, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (holding that prosecutor may not comment on defendant's silence at trial).

## C. Motion to Stay

Petitioner has raised four colorable claims in his amended petition. However, petitioner admits that those claims were not properly raised in state court. He therefore asks that I stay proceedings so that he may file a *Knight* petition in state court.[15]

 As discussed, an application for a writ of habeas corpus from a person in state custody may not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review it. *O'Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728. A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The *Knight* procedure appears to be available to petitioner to raise his claim of ineffective assistance of counsel—both as an independent ground for relief and as "cause" for the procedural default of his other claims.[16]

 Generally, a petition for a writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any of the petitioner's federal claims. *See Rose,* 455 U.S. at 510, 102 S.Ct. 1198. However, if dismissal would essentially bar a future habeas case because the statute of limitations would run before it could be re-filed,[17] the case may be stayed to provide the petitioner the opportunity to exhaust. *See Freeman v. Page,* 208 F.3d 572, 577 (7th Cir.2000); *Tinker v. Hanks,* 172 F.3d

ed that its ruling was "tantamount to a finding of harmless error." *Id.* at 630 n. 6, 467 N.W.2d 108 (citing *United States v. Daniels,* 848 F.2d 758, 759 (7th Cir.1988)) (stating, in a case involving errors in grand jury proceedings: "The authoritative determination of guilt establishes that any defects in the procedure did not lead to the accusation of an innocent person and shows that obtaining a new indictment would be a charade.").

**15.** The *Knight* proceeding would allow petitioner to exhaust his ineffective assistance of appellate counsel claim, as well as to perhaps show that such ineffectiveness was the "cause" of his failure to properly raise his others claims. *See Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (citing *Murray v. Carrier,* 477 U.S.

478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)) (noting that an ineffective assistance of appellate counsel claim must be properly presented to the state courts as an independent claim before it may be used to establish cause for procedural default of other claims). *See also State ex rel. Rothering v. McCaughtry,* 205 Wis.2d 675, 556 N.W.2d 136 (Ct.App. 1996) (discussing procedure for showing ineffectiveness of post-conviction counsel).

**16.** Some aspects of that claim may fall under *Rothering* rather than *Knight.*

**17.** A habeas petition dismissed without prejudice does not stop the running of the statute of limitations. *Newell,* 283 F.3d at 834 (citing *Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir.2000)).

990, 991 (7th Cir.1999), *vacated on other grounds by* 531 U.S. 987, 121 S.Ct. 476, 148 L.Ed.2d 450 (2000), *remanded to, reinstated by* 255 F.3d 444 (7th Cir.2001), *cert. denied,* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); *see also Newell,* 283 F.3d at 834.[18]

■ Where, as here, a petitioner presents colorable constitutional claims which have not yet been, but could be, presented to the state courts, a stay should be granted. If I were to dismiss this petition under *Rose,* it would likely be time-barred when re-filed. Therefore, I will stay further proceedings in this matter pending exhaustion of petitioner's claims in state court. Petitioner is expected to promptly pursue his state remedies and to notify the court upon completion of the state procedure.[19]

## D. Appointment of Counsel

■ Petitioner has also requested appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a habeas petitioner if the court determines that "the interests of justice" would be served and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Because I am staying this case, I will deny the request for appointment of counsel without prejudice to its renewal upon reactivation of the case.

## E. Prison Transfer

■ Finally, petitioner argues that Fed. R.App. P. 23 precluded his transfer from Waupun to Columbia and mandates an order that he be sent back. Rule 23(a) states:

Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another

---

18. In *Kethley v. Berge,* 14 F.Supp.2d 1077 (E.D.Wis.1998), I dismissed an unexhausted petition without prejudice but allowed the petitioner to vacate the dismissal and re-open (with benefit of the original filing date) following litigation of his § 974.06 motion in state court. In *Newell,* the Seventh Circuit found that Judge McKinney's decision to do the same "was entirely proper." 283 F.3d at 834. However, the court noted that *Freeman* and *Tinker* later suggested that under such circumstances the federal action should be stayed, not dismissed, while the state courts act on the petitioner's claims. "By vacating the dismissal, the district court effectively converted it into a stay; this could not have been an abuse of discretion because we now know that staying the action was the right step to take in the first place." *Id.* Therefore, consistent with *Newell,* I will stay this action. (Other circuits have allowed district courts to employ different methods to avoid prejudicing petitioners' rights in this situation. *See, e.g., Anthony,* 236 F.3d at 574 (affirming district court's exercise of equitable powers to accept later petition nunc pro tunc to the date of an earlier petition dismissed under *Rose.*))

19. The cases allowing stays to permit exhaustion have typically involved "mixed petitions"—those containing exhausted and unexhausted claims. This petition is properly considered "mixed." Petitioner presented his ineffective assistance of trial counsel claim to the state courts (in a § 974.06 motion). He may have failed to do so in conformance with Wisconsin procedure (*Escalona–Naranjo,* specifically); however, he may be able to establish sufficient cause for his procedural default based on the ineffectiveness of his appellate counsel. Therefore, even if petitioner has procedurally defaulted his claims, a stay makes sense as the *Knight/Rothering* proceeding may produce an excuse for the default. Thus, because petitioner may be able to establish cause, I decline to rule on the issue of procedural default of any of his claims at this time. Respondent is, of course, free to renew his motion to dismiss on that basis if and when this matter is re-activated. Should he do so, respondent should be aware of *Page v. Frank,* 343 F.3d 901 (7th Cir.2003).

unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

As the magistrate judge correctly held, Rule 23(a) applies only when a habeas action is before the court of appeals on review of a district court's decision. *See Pethtel v. Att'y Gen. of Ind.,* 704 F.Supp. 166, 168–69 (N.D.Ind.1989). This case is not. Petitioner provides no other basis for granting his motion, and none is evident from the record.[20] Therefore, I will not disturb the magistrate's order denying the motion for transfer.

## IV. CONCLUSION

**THEREFORE,** for the reasons stated, I decline to follow the magistrate judge's recommendation that respondent's motion to dismiss be granted; and

**IT IS ORDERED** that petitioner's amendment is **ALLOWED;** petitioner's request to stay the proceedings pending exhaustion of claims in state court is **GRANTED;** petitioner's request for appointment of counsel is **DENIED** without prejudice; and petitioner's objection to the magistrate judge's order denying petitioner's motion for transfer is **OVERRULED.**

---

**20.** The rule was designed to prevent state officials from impeding a prisoner's attempt to obtain habeas relief by removing him from the territorial jurisdiction of the court. *Peth-* *tel,* 704 F.Supp. at 169. It does not appear that the transfer in this case affects the jurisdiction of the court.