MARCO ANTONIO RIVERA, Appellant

v.

UNITED STATES OF AMERICA, Appellee

No. 72-1669

United States Court of Appeals

Third Circuit

Submitted Under Third Circuit Rule 12(6)
March 1, 1973

Filed April 27, 1973

CHARLES B. BURR, III, ESQ. (OBERMAYER, REBMANN, MAX-
WELL & HIPPEL), Philadelphia, Pennsylvania, *for appel-
lant*

JOEL D. SACKS, ESQ., U.S. Attorney, Charlotte Amalie, St.
Thomas, V.I., *for appellee*

Before SEITZ, Chief Judge, VAN DUSEN and ALDIS-
ERT, *Circuit Judges*

OPINION OF THE COURT

SEITZ, *Chief Judge*

This is an appeal from a denial by the district court of a
motion under 28 U.S.C.A. § 2255 to vacate sentence and set
aside a judgment.

In 1968, appellant's retained counsel filed a notice of appeal from his conviction and life sentence. Subsequently his trial counsel was superseded on appeal by counsel appointed by this court. Appointed counsel did not file a brief and appendix as required by the rules of this court. Instead, he notified the court that he had been unable to find any basis for appeal. However, he took no other action. Many months later, after notice to counsel, the appeal was dismissed for want of timely prosecution.

Thereafter, appellant himself filed the § 2255 motion with the district court claiming, inter alia, that he had been denied his right of direct appeal because of ineffective assistance of counsel. The district court denied the motion essentially on the ground that a § 2255 proceeding cannot be employed as a method of reviewing the action of the Court of Appeals in dismissing an appeal. We agree. The incongruity of a district court ruling and then implementing its ruling that the Court of Appeals erred in dismissing an appeal is self-evident.

As the district court noted, appellant's remedy is by way of a motion directed to the Court of Appeals requesting a recall of the mandate so that it could determine whether the appeal should be reinstated. See Williams v. United States, 307 F.2d 366 (9th Cir. 1962).[1] Since a panel of this court has previously denied reconsideration, it is evident that if a motion to recall the mandate is filed,[2] it should be considered by the court en banc. We say this because of the court policy that a panel decision is not overturned except by en banc action.

The judgment of the district court will be affirmed.

---

[1] Overruled on another issue. Kaufman v. United States, 394 U.S. 217 (1969).

[2] Appellant's present counsel was appointed by this court under the Criminal Justice Act. If appellant desires to file a motion to recall the mandate he may wish to apply to this court for the appointment of his present counsel for that purpose.