STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher KNIGHT, Defendant-Appellant.

Supreme Court

*No. 91-0459. Oral argument April 29, 1992.—Decided June 3, 1992.*

(Also reported in 484 N.W.2d 540.)

For the defendant-appellant there were briefs (in the court of appeals) by *John Anthony Ward,* Kenosha and oral argument by *John Anthony Ward.*

For the plaintiff-respondent there was a brief (in the court of appeals) by *David J. Becker,* assistant attorney general and *James E. Doyle,* attorney general and oral argument by *Mary V. Bowman,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. This appeal is before us on certification from the court of appeals pursuant to sec. (Rule) 809.61, Stats. 1989–90. Christopher Knight, the defendant, appeals from an order of the Circuit Court for Kenosha County, Judge Bruce E. Schroeder, denying his motion for postconviction relief under sec. 974.06, Stats. 1989–90, alleging ineffective assistance of appellate counsel. The circuit court denied the motion, holding that it did not have the authority under sec. 974.06 to grant the relief requested. We affirm the order of the circuit court.

The parties agree that a criminal defendant who believes he or she has been denied effective assistance of appellate counsel is entitled to a procedure and forum for asserting this claim. Due process requires that a criminal defendant receive effective assistance of appellate coun-

511

sel in bringing the first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387 (1985).

The sole issue before the court is the appropriate vehicle of relief for a criminal defendant who asserts that his or her appellate counsel provided ineffective assistance. The defendant in this case argues that the appropriate procedure is for a defendant to seek postconviction relief and that the appropriate forum is the circuit court under sec. 974.06, Stats. 1989–90.[1] The state argues that the appropriate procedure is for a defendant to petition for a writ of habeas corpus to the appellate court that considered the appeal. While no procedural vehicle exists that was expressly designed to accommodate a defendant's claim of ineffective assistance of appellate counsel, we conclude, for the reasons set forth, that the appropriate procedure is a habeas corpus proceeding and the proper forum is the court that consid-

---

[1]Section 974.06 states in relevant part:

**974.06 Postconviction procedure. (1)** After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(2) A motion for such relief is a part of the original criminal action, is not a separate proceeding and may be made at any time. . . .

. . ..

(8) A petition for a writ of habeas corpus or an action seeking that remedy in behalf of a prisoner who is authorized to apply for relief by motion under this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced the prisoner, or that the court has denied the prisoner relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his or her detention.

ered the appeal. Accordingly we affirm the order of the circuit court denying the defendant's sec. 974.06 motion.

The facts of this case are undisputed for purposes of this appeal. In 1984, the defendant was convicted in Kenosha County Circuit Court, Judge Bruce E. Schroeder, of one count of first-degree murder with a dangerous weapon, secs. 940.01(1) and 939.63(1)(a)2, Stats. 1983–84, and one count of armed robbery, sec. 943.32(2), Stats. 1983–84. The defendant was sentenced to life imprisonment plus five years for the murder count and to a consecutive twenty-year term for the count of armed robbery.

The State Public Defender appointed an attorney to help the defendant pursue postconviction relief. The attorney filed a timely appeal arguing that the circuit court had abused its discretion in denying a change of venue and that the evidence presented at trial was insufficient to support the verdict. On August 13, 1986, the court of appeals filed an unpublished per curiam decision affirming the defendant's conviction. *State v. Knight*, No. 85–2208–CR unpublished slip op. (Wis. Ct. App. Aug. 13, 1986). The attorney did not file a petition for review in the supreme court; the attorney took no further action in the case.

The Office of the State Public Defender appointed a second attorney to represent the defendant in further proceedings. This attorney filed a motion for postconviction relief in Kenosha County Circuit Court pursuant to sec. 974.06, Stats. 1989–90, alleging ineffective assistance of appellate counsel. The memorandum in support of the motion claimed that the first attorney was ineffective because he failed to challenge in the court of appeals the circuit court's refusal to instruct the jury on felony murder and to permit the defense to call certain witnesses. The memorandum further contested the first

513

attorney's failure to seek review of the decision of the court of appeals in this court. We are not asked to resolve the underlying issue of whether the defendant received effective appellate representation.[2]

The question we are asked to resolve, the proper procedure by which a defendant may assert a claim of ineffective assistance of appellate counsel, is a question of first impression in this state. Courts in other jurisdictions are divided about whether a claim of ineffective assistance of appellate counsel should be decided by the trial or appellate court.

The defendant in this case argues that a defendant must assert a claim of ineffective assistance of appellate counsel by filing a motion for postconviction relief in the circuit court. Our postconviction relief statute, sec. 974.06(1), provides the following procedure for a prisoner to move the circuit court to vacate, set aside, or correct a sentence:

---

[2]In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court established a two-part test to decide claims of ineffective assistance of trial counsel. A defendant must show that counsel's conduct was not objectively reasonable and that counsel's ineffectiveness prejudiced the defense. 466 U.S. at 687. See also *State v. Johnson,* 153 Wis. 2d 121, 449 N.W.2d 845 (1990); *State v. Pitsch,* 124 Wis. 2d 628, 369 N.W.2d 711 (1985).

Both components of the ineffective assistance of counsel test are mixed questions of law and fact. 466 U.S. at 698. An appellate court will not overturn a trial court's findings of fact concerning the circumstances of the case and the counsel's conduct and strategy unless the findings are clearly erroneous. The final determination of whether counsel's performance was deficient and prejudiced the defense are questions of law, however, and a reviewing court need not grant deference to the decisions of the circuit court. *Pitsch,* 124 Wis. 2d at 633–34.

> After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The defendant contends that if the circuit court entertaining the postconviction motion determines that the defendant was denied the constitutional right of effective assistance of appellate counsel, then the circuit court can vacate the judgment of conviction and resentence the defendant, recommencing the defendant's time for appeal. This procedure permits the defendant to remedy the deficiencies of appellate counsel by bringing a new appeal.

Several federal courts have concluded that a defendant in a federal proceeding who claims ineffective assistance of appellate counsel must apply to the federal district court for postconviction relief under 28 U.S.C. sec. 2255.[3] Section 974.06 contains almost identical language

---

[3] *Page v. United States,* 884 F.2d 300, 301–02 (7th Cir. 1989); *Mack v. Smith,* 659 F.2d 23, 26 (5th Cir. 1981); *United States v. DeFalco,* 644 F.2d 132, 137 (3rd Cir. 1979).

The defendant also cites *Rodriguez v. United States,* 395 U.S. 327 (1969), in which the United States Supreme Court reversed and remanded an order denying under 28 U.S.C. sec. 2255 the accused's motion for postconviction relief claiming that he was impermissibly denied his right to appeal. The Supreme Court ruled that the accused had been deprived of his right to appeal and directed the trial court to resentence the accused so that the defendant might perfect an appeal.

to and is taken directly from 28 U.S.C. sec. 2255.[4]

In *Page v. United States,* 884 F.2d 300 (7th Cir. 1989), the federal court of appeals broadly defined the phrase "collateral attack" in sec. 2255 as a "[r]eview of existing judgments," which includes claims of ineffective assistance of appellate counsel. 884 F.2d at 302. The court of appeals held that if a district court finds ineffective assistance of appellate counsel, it may vacate the judgment of conviction and reenter it, allowing the defendant a new appeal. On occasion, stated the court of appeals, ineffective assistance of appellate counsel may justify a new trial. 884 F.2d at 302.

The court of appeals in *Page* concluded that the postconviction remedy would not result in an inappropriate procedure whereby a district court would issue orders to the court of appeals to grant a defendant a new appeal. 884 F.2d at 302. The Pennsylvania Supreme Court, in *Commonwealth v. Sullivan,* 371 A.2d 468, 475 (Pa. 1977), also did not view a trial court's determination of ineffective assistance of appellate counsel as a challenge to the integrity of appellate decisions. These courts reasoned that the trial court passes not on the appellate

---

28 U.S.C. sec. 2255 states in relevant part:

**§ 2255. Federal custody; remedies on motion attacking sentence**

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to *collateral attack,* may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . (Emphasis added.)

[4]Comment, sec. 63, ch. 255, Laws of 1969 (reprinted at sec. 974.06, West's Wis. Stats. Annot., p. 258 (1985)). See also *State v. Theoharopoulos,* 72 Wis. 2d 327, 331, 240 N.W.2d 635 (1976).

court's decision, but only on the conduct of the counsel who presented the appeal. *Page,* 884 F.2d at 302; *Sullivan,* 371 A.2d at 475. Furthermore the appellate court is not bound by the trial court's decision; the appellate court may review the trial court's decision on appeal by either party. *Sullivan,* 371 A.2d at 475.

In addition, considering the institutional capabilities of trial and appellate courts, the courts in *Page* and *Sullivan* concluded that the trial courts are the better forums to hear a claim of ineffective assistance of appellate counsel. A determination about the effectiveness of appellate counsel's representation may require the testimony of appellate counsel and other witnesses about counsel's strategic decisions. The trial court is the appropriate court to hear the testimony and make findings of fact; the appellate court is not an initial fact finder. *Page,* 884 F.2d at 302; *Sullivan,* 371 A.2d at 474–75.

In contrast, other circuits of the federal court of appeals and other state courts have held that a defendant may not bring a claim of ineffective assistance of appellate counsel by moving the trial court for postconviction relief.[5] These courts view the postconviction

---

[5]For cases holding that the proper relief is for the defendant to move the appellate court to recall the mandate, see, *e.g., Feldman v. Henman,* 815 F.2d 1318, 1321–22 (9th Cir. 1987); *United States v. Winterhalder,* 724 F.2d 109, 111 (10th Cir. 1983); *Rivera v. United States,* 477 F.2d 927, 928 (3rd Cir. 1973); *Williams v. United States,* 307 F.2d 366, 368 (9th Cir. 1962), *overruled on other grounds, Kaufman v. United States,* 394 U.S. 217 (1969); *Watson v. United States,* 536 A.2d 1056, 1059–61 (D.C. 1987), *cert. denied,* 486 U.S. 1010 (1988); *Hemphill v. State,* 566 S.W.2d 200, 207–08 (Mo. 1978). Other state courts have held that the proper forum is the appellate court but that the procedure is a petition for a writ of error coram nobis, *People v. Bachert,* 509 N.E.2d 318 (N.Y. 1987), or habeas corpus, *Smith v. Florida,* 400 So. 2d 956, 960 (Fla. 1981).

remedy in the trial courts as designed to set aside a sentence only for infirmities arising during the trial proceedings. If the trial court concludes that the defendant's claim of ineffective assistance of counsel is meritorious, the trial court proceeding results in an order setting aside the appellate decision, not in an order setting aside the trial proceedings. These courts therefore conclude that a motion to the trial court for postconviction relief is not suitable for a defendant's claim of ineffective assistance of appellate counsel. *Feldman v. Henman,* 815 F.2d 1318, 1321 (9th Cir. 1987); *Hemphill v. State,* 566 S.W.2d 200, 208 (Mo. 1978).

Because the defendant seeks relief that in effect vacates the appellate court decision affirming the conviction and redockets the case for appellate review, these courts conclude that the appropriate forum for the defendant is the appellate court. One court writes that a trial court "should not have authority to rule on the constitutionality of appellate procedures." *Watson v. United States,* 536 A.2d 1056, 1059-61 (D.C. 1987), *cert. denied,* 486 U.S. 1010 (1988). Another court asserts that the effect of a trial court order would be to reinstate the defendant's earlier appeal and that the trial court lacks authority to create appellate jurisdiction. *United States v. Winterhalder,* 724 F.2d 109, 111 (10th Cir. 1983). Yet another court characterizes "a district court ruling and then implementing its ruling that the Court of Appeals erred in dismissing an appeal" as "incongruous." *Rivera v. United States,* 477 F.2d 927, 928 (3rd Cir. 1973).

These courts also conclude that from the standpoint of institutional capability, the appellate court that rendered the decision in the appeal is in the best position to evaluate claims of ineffective assistance of appellate counsel. The appellate court heard the initial appeal and

may best judge the conduct of appellate counsel. *Hemphill*, 566 S.W.2d at 208.

The question of the appropriate forum and procedure is a close one. We are, however, persuaded, as is the state, that the better practice is for the defendant to seek relief in the appellate court. We do not believe that the legislature enacted sec. 974.06 to remedy alleged defects in a perfected and completed appellate review. First, a challenge to the efficacy of appellate counsel, while arguably a "collateral attack" to the sentence under which a defendant remains in custody, does not directly challenge the trial proceeding that resulted in conviction.

More fundamentally, the limited remedies available under sec. 974.06 support our conclusion that the legislature did not intend that section to govern challenges to the proceedings of appellate courts. Section 974.06(1) permits a district court only "to vacate, set aside or correct the sentence." While a circuit court may indirectly remedy the consequences of ineffective assistance of appellate counsel through vacating and reinstating a sentence in order to allow a fresh appeal, we do not believe that the legislature intended the circuit courts to utilize sec. 974.06 in this oblique manner.[6]

---

[6]The defendant relies on *State v. Flores,* 158 Wis. 2d 636, 462 N.W.2d 899 (Ct. App. 1990), in which the Wisconsin Court of Appeals appears to have adopted the procedure the defendant proposes. In *Flores* the court of appeals reviewed an order denying a motion for postconviction relief under sec. 974.06. The circuit court had failed to consider the defendant's claim of ineffective assistance of appellate counsel in the postconviction proceeding. Without discussion, the court of appeals remanded to the circuit court "to proceed on this issue according to the procedure estab-

Rather, we conclude that to bring a claim of ineffective assistance of appellate counsel, a defendant should petition the appellate court that heard the appeal for a writ of habeas corpus. Even though sec. 974.06 was designed to supplant habeas corpus,[7] the legislature has expressly recognized in the statute that sec. 974.06 may on occasion prove "inadequate or ineffective to test the legality" of a defendant's detention. In such circumstances, a petition for a writ of habeas corpus may still be appropriate.[8]

A habeas corpus proceeding will permit an appellate court determining a claim of ineffective assistance of appellate counsel to link the remedy closely to the scope of the constitutional violation. "Habeas corpus is essentially an equitable doctrine, and a court of equity has

lished in sec. 974.06, Stats." 158 Wis. 2d at 645. Because we conclude that the defendant should pursue an ineffective assistance of appellate counsel claim by petitioning the appellate court for a writ of habeas corpus, we expressly overrule any language in *Flores* that might sanction a contrary procedure.

[7]Comment, sec. 63, ch. 255, Laws of 1969 (reprinted at sec. 974.06, West's Wis. Stats. Annot., p. 258 (1985)); *Zuehl v. State,* 69 Wis. 2d 355, 358, 230 N.W.2d 673 (1975).

[8]Section 782.01(1), Stats. 1989–90, states:

Every person restrained of personal liberty may prosecute a writ of habeas corpus to obtain relief from such restraint subject to ss. 782.02 and 974.06.

Section 974.06(8), Stats. 1989–90, states:

A petition for a writ of habeas corpus or an action seeking that remedy in behalf of a prisoner who is authorized to apply for relief by motion under this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced the prisoner, or that the court has denied the prisoner relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his or her detention.

authority to tailor a remedy for the particular facts."
*State ex rel. Memmel v. Mundy,* 75 Wis. 2d 276, 288, 249
N.W.2d 573 (1977) (citations omitted).[9]

Furthermore, the appellate court that heard the
appeal is a more appropriate and better suited forum
than is the circuit court to determine whether appellate
counsel's performance was deficient and prejudiced the
defendant's appeal. These determinations involve ques-
tions of law within the appellate court's expertise and
authority to decide *de novo.* The appellate court will be
familiar with the case and the appellate proceedings.
During the habeas corpus proceeding, under the author-
ity granted by sec. 752.39, the appellate court has the
authority, should fact-finding be necessary, to submit
the matter to a referee or to the circuit court for inquiry
into counsel's conduct, which may include the testimony
of counsel and other evidence concerning appellate strat-
egy.[10] While a petition to the appellate court and subse-
quent submission for fact-finding may not proceed as
rapidly as a motion under sec. 974.06, in cases where no
fact-finding is needed, the habeas corpus procedure will
be faster.

---

[9]The state argues that the defendant's proposed remedy,
vacating the judgment of conviction and resentencing the defen-
dant, would reopen all issues to appellate review, not just those
issues ineffectively handled by appellate counsel. We have found
no authority supporting or rejecting the state's argument. We
note only that a habeas corpus proceeding will permit the appel-
late court to tailor its remedy closely to the constitutional
violation.

[10]Section 752.39, Stats. 1989–90, states in full:

 In actions where the court of appeals has taken original jurisdic-
 tion, the court may refer issues of fact to a circuit court or referee for
 determination.

At least one other state, Florida, uses a habeas corpus petition to the appellate court to decide claims of ineffective assistance of appellate counsel. *Smith v. State,* 400 So. 2d 956, 959-600 (Fla. 1981). Several other jurisdictions, relying on arguments similar to those upon which we rely, also require the resolution of claims of ineffective assistance of appellate counsel in the appellate court, but through motions to recall the appellate mandate.[11]

For the reasons stated above, we affirm the order of the circuit court denying the defendant postconviction relief. We conclude that sec. 974.06 does not authorize a circuit court to resolve claims of ineffective assistance of appellate counsel. We further conclude that to bring a claim of ineffective assistance of appellate counsel, a defendant must petition the appellate court that heard the appeal for a writ of habeas corpus.

*By the Court.*—The order of the circuit court is affirmed.

[11]See, e.g., *Feldman v. Henman,* 815 F.2d 1318, 1321-22 (9th Cir. 1987); *United States v. Winterhalder,* 724 F.2d 109, 111 (10th Cir. 1983); *Watson v. United States,* 536 A.2d 1056, 1059-61 (D.C. 1987), *cert. denied,* 486 U.S. 1010 (1988); *Hemphill v. State,* 566 S.W.2d 200, 207-08 (Mo. 1978). See also *People v. Bachert,* 509 N.E.2d 318 (N.Y. 1987) (requiring common law writ of error coram nobis).