96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry W. ECHOLS-EL, Petitioner-Appellant,
v.
Kenneth R. MORGAN, Respondent-Appellee.
 No. 95-2274.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1996.*
Decided Sept. 6, 1996.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A Milwaukee County, Wisconsin jury convicted Larry Wayne Echols (now Echols-El) of first degree murder in 1988. The Wisconsin Court of Appeals affirmed his conviction on direct appeal, State v. Echols, 449 N.W.2d 320 (Wis.Ct.App.1989), and the Wisconsin Supreme Court denied his petition for review. Mr. Echols-El then filed three petitions for state post-conviction relief (PCR) pursuant to Wis.Stat. § 974.06. In those petitions, he raised challenges to the sufficiency of the evidence adduced against him at trial, the trial court's instructions to the jury, and the trial court's admission of certain evidence claimed to be privileged. All of Mr. Echols-El's petitions for state PCR were denied.
 
 
 2
 Mr. Echols-El then filed a pro se petition for federal habeas corpus relief, 28 U.S.C. § 2254, raising not only the claims raised in his state petitions for PCR, but also a claim that he was denied effective assistance of appellate counsel. Notwithstanding his three prior filings for state PCR, Mr. Echols-El can still raise this claim in a state petition for habeas corpus relief filed in the Wisconsin Appellate Court that heard his direct appeal. State v. Knight, 484 N.W.2d 540, 541, 544 (Wis.1992). Indeed, under Knight, such a petition is the only way Mr. Echols-El can raise that claim in Wisconsin's court.
 
 
 3
 Mr. Echols-El does not claim to have filed a petition for state habeas corpus relief challenging the effectiveness of his appellate counsel. Accordingly, he has not exhausted his available state remedies for this claim, and the district court properly dismissed his petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). That dismissal was without prejudice.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)