# COURT OF APPEALS
# DECISION
# DATED AND FILED

# January 10, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1179**

Cir. Ct. No. **2014CF3988**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

HOWARD E. GRADY,

      DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: FREDERICK C. ROSA, Judge. *Affirmed*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Howard E. Grady, *pro se*, appeals from an order of the circuit court denying his motion for postconviction relief, without a hearing. On appeal, Grady argues that trial counsel was ineffective because (1) he failed to inspect a bedsheet and have it admitted into evidence and (2) he failed to object to the charge of substantial battery prior to trial. Relatedly, he argues that postconviction counsel was also ineffective for failing to raise these issues of trial counsel's ineffectiveness in his prior appeal. Grady further argues that postconviction counsel was also ineffective for failing to timely file a notice of appeal and then for failing to file a petition for review. We conclude that Grady's claims are barred, and for the reasons set forth below, we affirm.

## BACKGROUND

¶2 Grady was charged with one count of aggravated battery and one count of substantial battery, both as a repeat offender, as acts of domestic violence, and with use of a dangerous weapon, for an incident in September 2014 in which he repeatedly hit his girlfriend in the head with a hammer after she refused to give him money to buy drugs. Following a jury trial, Grady was found guilty of both counts. At sentencing, the State moved to dismiss count two—substantial battery—because it was a lesser-included offense of count one. The circuit court granted the motion and dismissed the charge for substantial battery. The court then sentenced Grady to twelve years of initial confinement and three years of extended supervision for the count of aggravated battery, with the sentence to be

served consecutive to another sentence he was already serving for a burglary conviction.[1]

¶3 In 2016, Grady filed a postconviction motion seeking a new trial on two grounds: (1) that his convictions for both aggravated battery and substantial battery violated double jeopardy, that dismissal of the substantial battery charge was the wrong remedy, and that the correct remedy was a new trial; and (2) that a note from the jury was not in the record because it was lost, which violated WIS. STAT. § 805.13(1) (2019-20).[2] In the alternative, he sought sentence modification, alleging that the circuit court violated its statutory obligations at the time of sentencing by failing to consider probation. The circuit court denied Grady's motion, and we affirmed in *State v. Grady*, No. 2017AP135-CR, unpublished slip op. (WI App May 30, 2018).[3]

¶4 Grady, proceeding *pro se*, filed a petition for a writ of habeas corpus with our supreme court in which he argued that postconviction counsel was ineffective for failing to file a petition for review. After receiving a response from Grady's counsel, our supreme court denied Grady's petition for a writ of habeas corpus and concluded that postconviction counsel was not ineffective.

¶5 In 2021, proceeding *pro se*, Grady filed a motion for postconviction relief pursuant to WIS. STAT. § 974.06. In his motion, he argued that he was

---

[1] The Honorable Rebecca F. Dallet presided over Grady's trial and sentencing prior to her election to the Wisconsin Supreme Court.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] The Honorable Janet C. Protasiewicz, as the successor court, denied Grady's first postconviction motion.

entitled to a new trial because trial counsel failed to inspect a bedsheet and move to have the bedsheet admitted into evidence,[4] as well as for trial counsel's failure to object to the substantial battery charge prior to trial. He also argued that postconviction counsel was ineffective for failing to raise these claims in the previous postconviction proceedings, and he further argued that postconviction counsel was ineffective for failing to file a timely notice of appeal and a petition for review. The circuit court denied his motion without a hearing, and Grady appeals.[5]

## DISCUSSION

¶6      On appeal, Grady raises the same arguments that trial counsel was ineffective for failing to inspect a bedsheet and admit it into evidence and for failing to object to the charge of substantial battery prior to trial. He also argues that postconviction counsel was ineffective for failing to raise these claims in the previous postconviction proceedings. He further argues that postconviction counsel was ineffective for failing to timely file a notice of appeal and failing to file a petition for review.[6]

---

[4] We observe that the bedsheet itself was not admitted into evidence at the trial. However, there was testimony at Grady's trial about blood spattered on the bedsheet, as well as pictures of the bedsheet that were admitted at the trial.

[5] The Honorable Frederick C. Rosa, also as the successor court, denied Grady's postconviction motion that underlies his current appeal.

[6] In this regard, we note that Grady's brief is at best difficult to follow, and we adopt the State's framing of the issues on appeal. We further observe that the circuit court adopted a similar construction of Grady's arguments below. To the extent that Grady has raised claims that we have not specifically addressed, we reject them as undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶7 We reject Grady's arguments, and we conclude that his claims are procedurally barred.[7] We address each argument in turn.

## I. Ineffective Assistance of Trial Counsel

¶8 Grady argues that trial counsel was ineffective and that postconviction counsel was ineffective for failing to raise claims of trial counsel's ineffectiveness in the previous postconviction proceedings. We conclude that Grady's claims are barred because he has failed to provide a sufficient reason for failing to bring his claims earlier and he has failed to demonstrate that the claims he now raises are currently stronger than the ones postconviction counsel originally pursued.

¶9 "All grounds for relief available to a person under [WIS. STAT. § 974.06] must be raised in his or her original, supplemental or amended motion." Sec. 974.06(4). Absent a showing of a sufficient reason, claims that a defendant could have raised earlier but did not are barred from being raised in a subsequent postconviction motion filed under § 974.06. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). "Whether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to *de novo* review." *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668 (emphasis added).

---

[7] The State alternatively argues that the record conclusively shows that Grady is not entitled to relief. As a result of our conclusion, we need not address the State's alternative argument. *See Walgreen Co. v. City of Madison*, 2008 WI 80, ¶2, 311 Wis. 2d 158, 752 N.W.2d 687 (noting that when one issue is dispositive, the other issues raised by the parties need not be addressed).

¶10    "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Id.*, ¶36.  Such an instance also requires a showing that the current claims the defendant wishes to bring "are clearly stronger than the claims postconviction counsel actually brought." *Id.*, ¶4.   However, "if the defendant fails to allege why and how his postconviction counsel was constitutionally ineffective—that is, if the defendant asserts a mere conclusory allegation that his counsel was ineffective—his 'reason' is not sufficient." *Id.*, ¶36.

¶11    In this case, we conclude that Grady has failed to provide a sufficient reason why he did not raise his claim of ineffective assistance of trial counsel in his first postconviction motion and appeal.  At best, Grady provides nothing but conclusory statements that postconviction counsel was ineffective for failing to raise the arguments that Grady now makes.  "We will not assume ineffective assistance from a conclusory assertion; [Grady] must say why the claim he wanted raised was clearly stronger than the claims actually raised.  His motion is devoid of any such explanation." *See id.*, ¶62.  Consequently, Grady has failed to provide a sufficient reason for failing to bring his claims earlier, and Grady is barred from now bringing his claims of ineffective assistance of trial counsel and postconviction counsel related to the bedsheet and charge of substantial battery.[8] *See Escalona-Naranjo*, 185 Wis. 2d at 185-86.

---

[8] Additionally, as the State notes, Grady's claim of ineffective assistance of counsel related to trial counsel's failure to object to the charge of substantial battery could be construed as a repackaging of Grady's double jeopardy claim.  This claim was previously litigated and rejected.  "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

6

## II.     Ineffective Assistance During Appellate Proceedings

¶12     Grady further argues that postconviction counsel was ineffective for failing to timely file a notice of appeal and then for failing to file a petition for review.  In response, citing to *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), the State argues that Grady failed to bring his claims in the proper forum—the appellate court—given that Grady's arguments are premised on counsel's performance in appellate court.

¶13     While we agree with the State that a *Knight* petition would have been the proper vehicle to pursue these claims, the State also identifies that "[*p*]*ro se* litigants are generally granted 'a degree of leeway' in recognition of the fact that they are ordinarily unfamiliar with the procedural rules and substantive law that might govern their appeal."  *State ex rel. Wren v. Richardson*, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587 (emphasis added; citation omitted).  Thus, we treat Grady's arguments as properly raised in a *Knight* petition, and we address Grady's arguments that postconviction counsel was ineffective for his performance during Grady's prior appeal.  However, even construing Grady's arguments as properly raised in a *Knight* petition, we conclude that Grady has failed to demonstrate that he is entitled to relief.

¶14     In regards to Grady's argument that postconviction counsel failed to timely file a notice of appeal, we conclude that Grady failed to show that he suffered any prejudice from an alleged deficiency in counsel's performance.  *See State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334 (stating that a claim of ineffective assistance of counsel requires a showing of deficient performance and prejudice).

¶15 As Grady recognizes, the deadline to file a notice of appeal was extended, and Grady pursued his prior appeal without issue. Prejudice occurs when counsel's error is of such magnitude that there is a "reasonable probability" that but for the error the outcome would have been different. *See **State v. Erickson***, 227 Wis. 2d 758, 769, 596 N.W.2d 749 (1999). However, the outcome in Grady's case would not have been different had the timing of the notice of appeal changed because, as noted, he in fact pursued his appeal without issue. Thus, we conclude that his claim of ineffective assistance on this point fails.

¶16 As his argument relates to any ineffective assistance of counsel related to the filing of a petition for review, we note that our supreme court previously concluded that Grady's counsel was not ineffective for failing to file a petition for review and, therefore, denied Grady's petition for a writ of habeas corpus. The issue of postconviction counsel's failure to file a petition for review has, therefore, been previously litigated and is now barred. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." ***State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶17 Accordingly, we affirm the circuit court's order denying Grady's motion for postconviction relief, without a hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.