COURT OF APPEALS
DECISION
DATED AND FILED

March 24, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2024AP1721**

STATE OF WISCONSIN

Cir. Ct. No. 2011CF6149

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ABRAHAM RODRIGUEZ,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed.*

Before White, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Abraham Rodriguez appeals the order denying his WIS. STAT. § 974.06 (2023-24) postconviction motion without a hearing.[1] Rodriguez argues that his postconviction counsel was ineffective for not raising several ineffective assistance of trial counsel claims and that he is entitled to a new trial in the interest of justice.  We disagree and affirm.

## BACKGROUND

¶2      Rodriguez sexually assaulted his niece Nancy on multiple occasions beginning when she was eight years old.[2]  Rodriguez's defense at trial was that Nancy was lying and her accusations were incredible.  A jury disagreed and found him guilty of the following five felonies: attempted second-degree sexual assault of a child; three counts of first-degree sexual assault of a child, two of which were by use or threat of force or violence; and one count of child enticement—sexual contact.

¶3      Rodriguez filed a postconviction motion and then a direct appeal, which was unsuccessful.  *See* **State v. Rodriguez**, No. 2014AP2477-CR, unpublished slip op. (WI App Sept. 29, 2015).  On direct appeal he raised arguments regarding his charges, the sufficiency of the evidence, and his belief that he should be resentenced.  *Id.*, ¶1.  We rejected all of his claims, and the Wisconsin Supreme Court denied his petition for review.

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  Like the parties, we use the pseudonym "Nancy" to refer to the victim.  *See* WIS. STAT. RULE 809.19(1)(g).

¶4 Eight years later, Rodriguez filed the postconviction motion underlying this appeal. He sought a new trial, arguing that trial counsel was ineffective for "fail[ing] to admit significant evidence bearing on [Nancy]'s credibility." Rodriguez additionally asserted that his appellate attorney was ineffective for not arguing that trial counsel was ineffective.[3]

¶5 The postconviction court denied Rodriguez's motion without a hearing. This appeal follows.

## DISCUSSION

¶6 Rodriguez argues that postconviction counsel was ineffective for failing to argue that trial counsel was ineffective in three ways. First, Rodriguez claims trial counsel "failed to aver [Rodriguez's] constitutional rights when seeking to admit Nancy's (a) recanted allegation of contemporaneous paternal sexual assault and (b) false allegation that [Rodriguez] had sexually assaulted her cousins." Second, Rodriguez asserts trial counsel failed to illicit testimony related to Nancy's character for untruthfulness. Third, Rodriguez asserts that trial counsel failed to investigate and then present Nancy's younger brother as a witness. Rodriguez contends that postconviction counsel was ineffective for not litigating trial counsel's ineffectiveness.

---

[3] Throughout his filings, Rodriguez repeatedly criticizes the performance of trial and appellate counsel; the State generously construes his arguments to be against postconviction counsel instead, because an appellate attorney is not ineffective for failing to raise issues not appropriately preserved by postconviction counsel. *See* *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 678, 556 N.W.2d 136 (Ct. App. 1996). While postconviction counsel and appellate counsel are frequently the same person, *see* *State ex rel. Warren v. Meisner*, 2020 WI 55, ¶35, 392 Wis. 2d 1, 944 N.W.2d 588, the performance of appellate counsel must be directly challenged in the court of appeals, not the circuit court. *See* *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540 (1992).

¶7    Absent a sufficient reason, a defendant may not bring claims in a WIS. STAT. § 974.06 motion if the claims could have been raised in a prior motion or direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994); *State v. Romero-Georgana*, 2014 WI 83, ¶34, 360 Wis. 2d 522, 849 N.W.2d 668. Certain claims, like claims of ineffective assistance of trial counsel, must be preserved for appeal by a postconviction motion. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136 (Ct. App. 1996). Thus, ineffective assistance of postconviction counsel for failing to preserve a claim may sometimes constitute a sufficient reason for not raising that claim in an earlier proceeding. *Id.* at 682.

¶8    A defendant asserting ineffective assistance of counsel as the sufficient reason for failing to raise a postconviction issue earlier must not only provide sufficient allegations to establish the asserted claim of ineffective assistance, *see State v. Balliette*, 2011 WI 79, ¶63, 336 Wis. 2d 358, 805 N.W.2d 334, but the defendant must also show that the nonraised issue was clearly stronger than other issues that counsel chose to pursue, *Romero-Georgana*, 360 Wis. 2d 522, ¶45.

¶9    A defendant is not automatically entitled to a postconviction hearing. *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. Rather, the circuit court is required to hold an evidentiary hearing only if the defendant has alleged, within the four corners of the postconviction motion, sufficient material facts that, if true, would entitle the defendant to relief. *Id.*, ¶¶14, 23. Whether a postconviction motion alleges sufficient material facts to require a hearing is a question of law that we review de novo. *Id.*, ¶9. If a postconviction motion "does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively demonstrates that the

defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *State v. Ruffin*, 2022 WI 34, ¶28, 401 Wis. 2d 619, 974 N.W.2d 432.

¶10 In his postconviction motion, after setting forth the applicable legal standards, Rodriguez's clearly stronger argument consisted of the following:

> Consistent with extant Wisconsin authority, [Rodriguez] will shortly address *Starks*'s "clearly stronger" element. [*State v. Starks*, 2013 WI 69, ¶¶59-60, 349 Wis. 2d 274, 833 N.W.2d 146, *abrogated on other grounds by State ex rel. Warren v. Meisner*, 2020 WI 55, ¶52, 392 Wis. 2d 1, 944 N.W.2d 588.] What makes one issue clearly stronger than another has never been defined by our appellate courts. However, in *Starks*, the claims the defendant argued that his appellate counsel should have raised were deemed not clearly stronger because they were "unsubstantiated, unpersuasive, or previously adjudicated." [*Id.*, 349 Wis. 2d 274, ¶73.] Those labels most certainly cannot be attached to [Rodriguez]'s ineffective assistance claim. As detailed above, *that claim is viable and warrants relief. It must therefore be clearly stronger than the claims he lost on appeal.* His attorney was thus deficient in not raising it.

(Footnotes omitted; emphasis added.)

¶11 This amounts to little more than a conclusory assertion by Rodriguez that his current claim is clearly stronger than the claims he previously pursued. Or, as the State aptly sums it up, the full extent of his clearly stronger argument is that "the previous claims lost, and the new claims might win, so the new claims must be stronger."

¶12 The purpose of the "clearly stronger" standard is to allow a court "to compare the arguments now proposed against the arguments previously made," because if the new claims are not clearly stronger than the ones previously raised, postconviction counsel could not have performed deficiently by failing to bring

those claims. ***Romero-Georgana***, 360 Wis. 2d 522, ¶¶45-46. In the underlying motion, the only mention of the arguments previously raised by postconviction counsel was the following: "Although [postconviction counsel] litigated several issues, she did not argue trial counsel's ineffectiveness."

¶13 The circuit court, in denying Rodriguez's WIS. STAT. § 974.06 motion without a hearing, properly concluded that Rodriguez's "allegations of deficient performance are plainly insufficient insofar as they fail [to] engage in any meaningful analysis of postconviction counsel's performance." Rodriguez attempted to remedy this shortcoming in his appellate briefing. Our review on appeal, however, is limited to the "four corners" of the postconviction motion. *See Allen*, 274 Wis. 2d 568, ¶27. Because Rodriguez failed to show that his current claim is clearly stronger than those previously raised, he failed to provide a sufficient reason to overcome the procedural bar.

¶14 Rodriguez additionally argues that he should have a new trial in the interest of justice pursuant to WIS. STAT. § 752.35. He contends that omitted impeachment evidence cumulatively prevented the real controversy, i.e., the credibility of Nancy's accusation, from being tried. "We exercise our authority to reverse in the interest of justice ... sparingly and only in the most exceptional cases." ***State v. Schutte***, 2006 WI App 135, ¶62, 295 Wis. 2d 256, 720 N.W.2d 469. This is not such a case.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.