COURT OF APPEALS
DECISION
DATED AND FILED

March 25, 2026

Samuel A. Christensen
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1486**

Cir. Ct. No. **2016CF1718**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LEVI G. RUOHONEN,

DEFENDANT-APPELLANT.

APPEAL from order of the circuit court for Racine County: MAUREEN M. MARTINEZ, Judge. *Affirmed*.

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Levi G. Ruohonen appeals an order denying his postconviction motion without a hearing. Ruohonen was sentenced after entering

no contest pleas to two counts of homicide by intoxicated use of a motor vehicle. He asserts his pleas were the result of constitutionally ineffective assistance from his trial counsel, which his first postconviction attorney failed to challenge. Ruohonen argues the circuit court erroneously denied without a hearing a WIS. STAT. § 974.06 (2023-24)[1] motion filed by his second postconviction attorney. We disagree and affirm.

## BACKGROUND

¶2      Ruohonen pled no contest to two counts of homicide by intoxicated use of a motor vehicle.   At sentencing, the circuit court rejected the defense recommendation of 5 to 10 years' initial confinement and ordered concurrent 30-year sentences, bifurcated as 20 years' initial confinement and 10 years' extended supervision.   Ruohonen's trial counsel filed a notice of intent to pursue postconviction relief, and he retained postconviction counsel.[2]   Ruohonen, in consultation with his first postconviction counsel, decided not to pursue relief and allowed his direct appeal rights to lapse.

¶3      In 2021, Ruohonen retained his second postconviction counsel and requested that this court reinstate his appellate rights under WIS. STAT. RULE 809.30.   After we denied that motion, he brought a WIS. STAT. § 974.06 motion in the circuit court seeking plea withdrawal or resentencing based upon alleged ineffective assistance of trial and first postconviction counsel.   The court denied the motion without holding a hearing, reasoning that Ruohonen's claims of

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  We will refer to the two attorneys Ruohonen retained collectively as "first postconviction counsel."

ineffective assistance of counsel "must be filed in the form of a petition for writ of habeas corpus with the court of appeals."  Ruohonen appeals.

## DISCUSSION

¶4     As an initial matter, the circuit court incorrectly concluded the ineffective assistance allegations in this case must be brought through a *Knight* petition directed to this court.[3]  The acts or omissions that constitute the alleged ineffective assistance of counsel here occurred at the circuit court, and therefore the circuit court is the proper forum for such claims to be filed.  *See State ex rel. Warren v. Meisner*, 2020 WI 55, ¶36, 392 Wis. 2d 1, 944 N.W.2d 588.  Ruohonen alleged that his first postconviction counsel was constitutionally deficient by failing to challenge the effectiveness of his trial counsel.  That matter was properly directed to the circuit court.

¶5     Despite the circuit court's incorrect venue determination, we nonetheless conclude it properly declined to hold an evidentiary hearing.  *See State v. Earl*, 2009 WI App 99, ¶18 n.8, 320 Wis. 2d 639, 770 N.W.2d 755 ("On appeal, we may affirm on different grounds than those relied on by the trial court.").  On the merits of the motion, Ruohonen was required to demonstrate that his trial counsel was constitutionally ineffective.[4]  To prevail on an ineffective assistance claim, the defendant must show both that counsel's performance was

---

[3] *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

[4] Ineffective assistance of counsel is one way in which a defendant may demonstrate a manifest injustice warranting plea withdrawal.  *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44.  Likewise, a defendant may be entitled to resentencing as a result of constitutionally ineffective assistance that occurs in connection with a sentencing hearing.  *State v. Liukonen*, 2004 WI App 157, ¶20, 276 Wis. 2d 64, 686 N.W.2d 689.

deficient and that the deficient performance prejudiced the defendant. *State v. Savage*, 2020 WI 93, ¶25, 395 Wis. 2d 1, 951 N.W.2d 838; *see also* *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the defendant fails to establish either prong, we need not address the other. *Savage*, 395 Wis. 2d 1, ¶25.

¶6 To demonstrate deficient performance, the defendant must show that his or her attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.*, ¶28. We presume that counsel's conduct fell within the wide range of reasonable professional assistance, and we will grant relief only upon a showing that counsel's performance was objectively unreasonable under the circumstances. *Id.* Prejudice is demonstrated by showing a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Id.*, ¶32.

¶7 Ruohonen alleges four failures by his trial counsel that he contends satisfied the *Strickland* standard. First, he contends his attorney should have objected to the prosecutor's alleged breach of the plea agreement at sentencing. Second, he contends that his trial counsel failed to obtain, or ensure the preservation of, audiovisual evidence relating to the police investigation. Third, Ruohonen asserts that his trial counsel failed to challenge the voluntariness of his consent to a blood draw. Fourth, he argues his attorney should have challenged a search warrant for his blood as both facially invalid and based upon an affidavit containing false information.

¶8 Based upon these allegations, Ruohonen argues he was entitled to an evidentiary hearing on his motion. We first examine whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. "[I]f

the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court need not hold a hearing. *Id.*, ¶9. The sufficiency of the postconviction motion presents a question of law that we review de novo. *Id.*

I.   *There was no meritorious basis for an objection based upon the prosecutor's alleged breach of the plea agreement.*

¶9    Ruohonen first asserts his trial counsel should have objected at his sentencing hearing to the prosecutor's alleged breach of the plea agreement. A notation on the plea agreement and waiver of rights form indicated: "State will recommend substantial incarceration. Defense free to argue. The parties will request a PSI." At the plea hearing, the prosecutor stated that the plea agreement contemplated that the parties were "both free to argue as to sentence." Both Ruohonen and his trial counsel confirmed that was their understanding of the plea agreement.

¶10    During sentencing remarks, the prosecutor stated:

> Now, in [defense] counsel's opinion, five to ten years['initial confinement] is substantial, and he is of the opinion that my saying "substantial prison" means five to ten years is satisfied. I think that's a very subjective term. I'm not sure I agree with that. But what I'm asking the Court to do is consider the number of years as substantial. I'm not in agreement with counsel's five to ten as being substantial.

Ruohonen contends this constituted a breach of the plea agreement to which his trial counsel should have objected. We disagree.

¶11    An accused has a constitutional right to the enforcement of a negotiated plea agreement. *State v. Williams*, 2002 WI 1, ¶37, 249 Wis. 2d 492,

637 N.W.2d 733. When a prosecutor commits a material and substantial breach of the plea agreement, as opposed to a merely technical one, the defendant may be entitled to plea withdrawal or resentencing. *Id.*, ¶38. "A material and substantial breach is a violation of the terms of the agreement that defeats the benefit for which the accused bargained." *Id.*

¶12    Here, Ruohonen bargained for a recommendation by the State of "substantial incarceration."  At the plea hearing, the circuit court obtained the parties' agreement that this essentially meant the parties were free to argue as to the sentence.  The State did not agree to jointly recommend or endorse any specific defense sentencing recommendation, and the prosecutor informed the court that the State would not otherwise be recommending a specific sentence.  In this context, the prosecutor's suggestion that five to ten years of global initial confinement was not "substantial" did not breach the plea agreement—at least not in a material and substantial way.  Because there was no meritorious objection to be made, any assertion of ineffective assistance of counsel based on a breach of the plea agreement fails.  *See State v. Pico*, 2018 WI 66, ¶28, 382 Wis. 2d 273, 914 N.W.2d 95.

II.    *Ruohonen's motion fails to adequately allege attorney ineffectiveness relating to the investigation or preservation of audiovisual evidence.*

¶13    Ruohonen next asserts his trial counsel was constitutionally ineffective for failing to obtain, or seek to preserve, audiovisual evidence from several police squad dash cameras.  He contends this information would have established that he suffered a head injury as a result of the car accident, and that the evidence had exculpatory value because it would have allowed his trial counsel to evaluate whether to file a motion to suppress challenging the voluntariness of

6

his consent to a blood draw, the waiver of his *Miranda* rights, and the validity of a search warrant for his blood.[5]

¶14    The motion does not contain sufficient allegations to adequately set forth a claim based on ineffective assistance of trial counsel.  The criminal complaint alleged that the responding officer at the scene did not observe any apparent injuries to Ruohonen when he was found in his truck.  Ruohonen contends that his "highly disoriented and intoxicated state," characterized by "extreme difficulty communicating or appropriately responding to police commands," would have supported motions challenging voluntariness, but he does not provide any indication that these impairments were attributable to medical trauma as opposed to his state of intoxication.[6]

¶15    Moreover, any motion challenging voluntariness would have had to account for the fact that consent was given hours later, after Ruohonen had been evaluated by doctors.  Ruohonen was transported from the scene to Froedtert Hospital, where he was assessed by emergency physicians.  He consented to a blood draw two hours after the accident, which occurred at 4:45 p.m.  Ruohonen was discharged at approximately 9:45 p.m. and taken to the Racine County Jail, where he was interviewed and, presumably, waived his *Miranda* rights.[7]

¶16    Nor does the motion adequately allege a due process challenge based upon the failure to preserve evidence.  "A defendant's due process rights are

---

[5]  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[6]  The blood draw, taken approximately two hours after the accident, contained a blood-ethanol concentration of .265 g/100mL.

[7]  As the State observes, Ruohonen does not explain when the *Miranda* waiver occurred.

violated if the police: (1) failed to preserve the evidence that is apparently exculpatory; or (2) acted in bad faith by failing to preserve evidence which is potentially exculpatory." ***State v. Greenwold***, 189 Wis. 2d 59, 67, 525 N.W.2d 294 (Ct. App. 1994).

¶17 We agree with the State that the postconviction motion fails to satisfy either standard. Again, Ruohonen has not explained the apparent exculpatory value of audiovisual evidence of a head injury in the moments immediately following the accident, particularly when he gave his consent to a blood draw and his ***Miranda*** waiver hours later after examination by physicians. And, his motion wholly fails to describe any basis to conclude there was bad faith by state actors relating to the failure to preserve the audiovisual evidence.

¶18 Alternatively, Ruohonen argues that even short of a due process violation, the circuit court could have dismissed the action for a discovery violation. We are not persuaded. Dismissal is not a sanction identified in the relevant statute, WIS. STAT. § 971.23, which establishes suppression of late-disclosed evidence as a sanction unless good cause is shown for the failure to comply. Sec. 971.23(7m)(a). The case on which Ruohonen relies for dismissal as a sanction involved a due process violation, not a statutory violation. *See **State v. Huggett***, 2010 WI App 69, ¶¶11, 25-28, 324 Wis. 2d 786, 783 N.W.2d 675. Moreover, while Ruohonen's motion asserted acquittal would have been more likely without evidence relating to the dash camera footage, the motion did not

assert that Ruohonen would not have entered no contest pleas absent that evidence.[8]

    *III.*    *Ruohonen's motion fails to demonstrate that his counsel was constitutionally ineffective for failing to challenge the blood draw results based on lack of consent.*

¶19    Next, Ruohonen argues that his trial counsel was ineffective for failing to "litigate the voluntariness of Ruohonen's consent to the blood draw because the discovery materials indicate that officers on scene were aware that Ruohonen had been injured in the accident and subjectively believed that Ruohonen was highly intoxicated." We agree with the State that the failure to litigate is not enough to demonstrate ineffective assistance of counsel. Rather, Ruohonen was required to demonstrate that a motion to suppress based on voluntariness would have created a reasonable probability that the result of the proceeding would have been different. *See Savage*, 395 Wis. 2d 1, ¶25.

¶20    In this sense, Ruohonen's motion is wholly deficient. He did not allege he was actually too intoxicated or too injured to consent to the blood draw. And in light of the evidence described above, he has not demonstrated a reasonable probability that a motion to suppress the blood draw results based on voluntariness would have been successful. Further, the only authority Ruohonen cited in his motion is easily distinguishable from the present case—there, the officers undisputedly believed the defendant was too intoxicated to consent to a

---

[8] Ruohonen's motion presumes the dash camera footage would have been suppressed, but he also argues, in conclusory fashion, that suppression would have extended to "any and all evidence which the destroyed squad footage would have depicted," including the testimony of police officers regarding "statements they took during the course of their investigation which their squad audio would have captured."

search, but they nonetheless relied on his implied consent to search his home despite two prior failed attempts at obtaining explicit consent. *United States v. Castellanos*, 518 F.3d 965, 967-72 (8th Cir. 2008).

> IV.    *Ruohonen's trial counsel was not ineffective for failing to move to suppress evidence gathered pursuant to the search warrant.*

¶21    Lastly, Ruohonen contends his trial counsel was constitutionally deficient for failing to file a *Franks*/*Mann* motion challenging the sufficiency of the affidavit supporting a search warrant that was issued for the collection of his blood.[9]  As the State notes, although authorities did obtain a search warrant for Ruohonen's blood, the blood sample was collected via Ruohonen's consent, not as a result of the search warrant.  Accordingly, Ruohonen fashions this as an alternative argument, suggesting the circuit court only needs to reach the warrant issue in the event we conclude there was a meritorious basis to challenge the voluntariness of his consent to search.  Having concluded otherwise, we need not address this argument. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (holding that the court decides cases on the narrowest possible grounds).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[9] *See Franks v. Delaware*, 438 U.S. 154 (1978); *State v. Mann*, 123 Wis. 2d 375, 367 N.W.2d 209 (1985).