COURT OF APPEALS
DECISION
DATED AND FILED

March 14, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP321**

Cir. Ct. No. **2007CF2834**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

  V.

DERRICK D. BROWN,

     DEFENDANT-APPELLANT.

---

       APPEAL from an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

       Before Brash, C.J., Donald, P.J., and Dugan, J.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Derrick D. Brown, *pro se*, appeals an order of the circuit court[1] denying his postconviction motion filed pursuant to WIS. STAT. § 974.06 (2021-22).[2]  In that motion, Brown alleged that the evidence at his trial was insufficient to prove one of the elements of the crime for which he was convicted; he also raised several claims of ineffective assistance by his trial counsel.  Upon review, we affirm.

## BACKGROUND

¶2     Brown was charged in June 2007 with possession with the intent to deliver cocaine in an amount greater than forty grams, as the result of a narcotics investigation by the Milwaukee Police Department (MPD).  MPD had received information from a confidential informant about a drug deal for a large amount of cocaine.  Police arrested Brown after he was observed a few feet from the vehicle of the suspected dealer; Brown started walking away as officers approached the vehicle and threw a baggie filled with a white substance on the ground, which was confirmed to be cocaine.

¶3     The State presented a plea offer in which it offered to cap its sentencing recommendation at ninety-six months, consisting of sixty months of initial confinement followed by thirty-six months of extended supervision.  A plea hearing was requested by Brown's trial counsel and scheduled for September 2007.  However, that plea hearing did not go forward; the matter was instead

---

[1] Brown's WIS. STAT. § 974.06 motion was before the Honorable Michael J. Hanrahan, who we refer to as the circuit court.  Brown's trial was before the Honorable Daniel L. Konkol, who we refer to as the trial court.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

addressed off the record, during which Brown, through his counsel, requested a trial date.[3]

¶4     The matter proceeded to trial in October 2008. At the trial, the parties agreed to stipulate that the baggie the police recovered on the ground at the scene was cocaine weighing 123.69 grams. The trial court engaged in a colloquy with Brown to ensure he understood he was giving up his right to have the State prove that element of the crime, and confirmed Brown's understanding with his trial counsel.

¶5     The jury found Brown guilty as charged. He was sentenced to twenty-three years of imprisonment, bifurcated as fifteen years of initial confinement followed by eight years of extended supervision.

¶6     Brown filed a direct appeal in 2009, alleging that the trial court erroneously exercised its discretion in accepting the stipulation regarding the cocaine that was found at the time of Brown's arrest. This court affirmed. *See State v. Brown*, No. 2009AP2998-CR, unpublished slip op. (WI App May 3, 2011).

¶7     Brown then filed a *pro se Knight*[4] petition claiming ineffective assistance of appellate counsel with regard to four issues. *See State ex rel.*

---

[3] The State submitted a printout of the CCAP entry for the date of the plea hearing, which stated that the hearing had been converted to a scheduling conference, and included a statement that Brown was requesting a trial date. CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs, the online website which reflects information entered by court staff. *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522. We may take judicial notice of CCAP records pursuant to WIS. STAT. § 902.01. *See Kirk*, 346 Wis. 2d 635, ¶5 n.1.

[4] *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

*Brown v. Tegels*, No. 2015AP525-W, unpublished op. and order, 1-2 (WI App Oct. 14, 2016). The first two issues alleged that appellate counsel should have argued ineffective assistance of his trial counsel, for failing to inform or consult with him regarding the plea offer, and for failing to move for a mistrial because the jury instructions read by the trial court included information that Brown was a repeat offender. *See id.* We rejected those claims because Brown had not first raised them in the trial court. *See id.* at 2.

¶8 We also rejected the other two issues Brown raised in his *Knight* petition. Brown argued that his right to confrontation was violated when his trial counsel stipulated that the substance in the baggie was cocaine, because he had no opportunity to cross-examine the chemist who performed the test on the substance. *Id.* He also asserted that there was insufficient evidence to prove the substance in the baggie was cocaine because the State provided no scientific evidence regarding the same. *Id.* We rejected the claims as a repackaging of his claim on direct appeal relating to the trial court's acceptance of the stipulation regarding the baggie of cocaine. *See id.* at 2-3. Therefore, Brown's petition was denied. *Id.* at 3.

¶9 In February 2021, Brown filed the *pro se* WIS. STAT. § 974.06 motion underlying this appeal. In his motion, he again alleged that his appellate counsel was ineffective for failing to raise four claims: (1) he received ineffective assistance of trial counsel because counsel failed to convey the State's plea offer to him; (2) he received ineffective assistance of trial counsel because counsel failed to object or move for a mistrial when the trial court read the jury instruction which included a statutory reference that Brown was charged as a repeat offender; (3) he received ineffective assistance of trial counsel because counsel failed to request a lesser-included offense instruction; and (4) there was insufficient

evidence presented at trial to prove beyond a reasonable doubt that the substance involved was cocaine.

¶10    The circuit court issued an initial decision on Brown's motion rejecting the fourth issue, sufficiency of the evidence, as barred due to having already been litigated in his direct appeal. The court also rejected the second issue as being speculative. This claim was based on the jury instruction regarding the charge against Brown, which included a reference to WIS. STAT. § 961.48 describing enhanced penalties for cases in which the conviction would be a second or subsequent offense. However, in giving the instruction, the trial court did not read the title or substance of that statute; only the statute number was provided. The trial court subsequently addressed the issue with the parties, and Brown's trial counsel stated he did not see it as a problem because the jurors likely did not know the premise of that statute based only on its number.

¶11    In support of his argument on this issue, Brown noted that one of the jurors had stated during *voir dire* that she had worked at several law firms, and therefore he asserted that she "may" have recognized the statute. However, the circuit court pointed out that the juror said she worked in civil litigation, not criminal. It thus rejected Brown's second issue because it was based solely on speculation.

¶12    However, the circuit court ordered additional briefing on the first and third issues—regarding whether trial counsel had informed him of the plea offer, and whether counsel should have requested the instruction for the lesser-

included offense of simple possession. The court ultimately ordered a **_Machner_**[5] hearing on those two issues.

¶13 At that hearing, held in August 2021, Brown's appellate counsel testified, his trial counsel testified, and Brown testified. Trial counsel testified that he had no independent recollection of Brown, and that because the case was over ten years old by that time, his file had been destroyed. Regarding Brown's claim that trial counsel had not informed him of the plea offer, counsel explained that his practice consisted of primarily criminal cases which he took on a flat-fee basis, and that he explained plea offers to defendants in every case because it made no financial sense for him not to attempt to resolve cases by plea as opposed to going to trial. The circuit court found this testimony to be compelling and credible.

¶14 Additionally, the circuit court noted that according to CCAP, Brown's case had been set for a plea hearing prior to being set for trial, and the court found it "incredible" that a plea hearing would be set "without any discussion with the client about what the terms of the plea would be." The court thus found that Brown's testimony that his trial counsel had never discussed the plea offer was not believable under these circumstances.

¶15 As to the issue of requesting the lesser-included offense of possession, trial counsel testified that the defense strategy at trial was that Brown had no knowledge that the substance was cocaine, and that it belonged to someone else. Counsel explained that based on that defense, requesting a lesser-included charge of possession would contradict that defense theory by essentially stating

---

[5] *See **State v. Machner**, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).*

that the cocaine was Brown's for his personal use. The circuit court further noted that the "significant amount" of cocaine that was found, with an estimated street value between $12,000 and $24,000, was "inconsistent" with personal use in terms of proving a simple possession charge.

¶16    Furthermore, the circuit court pointed to the record from the trial where Brown's trial counsel stated he was not requesting the lesser-included charge of possession, and the trial court agreed that the evidence would not support that charge. The circuit court thus concluded that even if Brown's trial counsel would have requested the lesser-included charge, the trial court would have rejected it, and as a result Brown had suffered no prejudice.

¶17    Moreover, the circuit court found that Brown's appellate counsel was not ineffective for not raising these issues. According to appellate counsel's testimony at the **Machner** hearing, he reviewed the record and discussed the plea offer issue with trial counsel before determining that these issues had no merit, and limited Brown's direct appeal to issues that did have merit, which the circuit court found was a reasonable strategy.

¶18    Therefore, the circuit court rejected Brown's remaining two issues from his WIS. STAT. § 974.06 motion, and thus denied the motion in its entirety. This appeal follows.

**DISCUSSION**

¶19    Once the right to a direct appeal has been exhausted, a motion filed pursuant to WIS. STAT. § 974.06 is "the primary method of challenging a conviction[.]" **State v. Henley**, 2010 WI 97, ¶52, 328 Wis. 2d 544, 787 N.W.2d 350. However, a § 974.06 motion "is not a substitute for a direct appeal." **State v.**

*Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).  Indeed, a § 974.06 motion "is limited in scope to matters of jurisdiction or of constitutional dimensions.  The motion must not be used to raise issues disposed of by a previous appeal." *Henley*, 328 Wis. 2d 544, ¶52 (citation omitted).

*Sufficiency of the Evidence*

¶20    Based on this standard, we begin our review of Brown's claims with the fourth issue he raised in his motion—that there was insufficient evidence presented at trial to prove beyond a reasonable doubt that the substance involved was cocaine.  As we recognized in our denial of Brown's *Knight* petition, his "central argument" with this claim "is the same argument we addressed during Brown's direct appeal:  whether it was error for the [trial] court to approve a stipulation between Brown and the State that the substance the police recovered was cocaine weighing 123.69 grams." *State ex rel. Brown*, No. 2015AP525-W, at 3.

¶21    "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *Witkowski*, 163 Wis. 2d at 990.  We therefore reject this claim on the ground that it was already litigated in Brown's direct appeal. *See id.*

*Ineffective Assistance of Counsel*

¶22    We thus turn to Brown's other three claims that involve alleged ineffective assistance of counsel, a constitutional claim that may properly be brought under WIS. STAT. § 974.06. *See Henley*, 328 Wis. 2d 544, ¶52.  However, in a motion brought under § 974.06, a defendant must demonstrate that there is a "sufficient reason" that the claims in that motion were not raised in a prior motion

or direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). This rule "promotes finality and efficiency by requiring defendants to bring all available claims in a single proceeding unless there exists a sufficient reason for not raising some claims in that initial proceeding." *State v. Romero-Georgana*, 2014 WI 83, ¶33, 360 Wis. 2d 522, 849 N.W.2d 668. "Whether a [§] 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law" that we review *de novo*. *Romero-Georgana*, 360 Wis. 2d 522, ¶30.

¶23 "In some instances, ineffective assistance of [appellate] counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Id.*, ¶36. Specifically, when a defendant alleges in a WIS. STAT. § 974.06 motion that his appellate counsel was ineffective for failing to bring certain viable claims, that defendant "must demonstrate that the claims he wishes to bring are clearly stronger than the claims [appellate] counsel actually brought." *Romero-Georgana*, 360 Wis. 2d 522, ¶4. However, to prove that appellate counsel was ineffective for failing to bring ineffective assistance of trial counsel claims, the defendant must prove that trial counsel did indeed provide ineffective assistance. *State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶24 It is with these standards in mind that we review Brown's claims relating to his trial counsel's performance. To prove ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant "must prevail on both parts of the test to be afforded relief." *State v. Allen*, 2004 WI 106, ¶26, 274 Wis. 2d 568, 682 N.W.2d 433. Whether the facts satisfy the deficiency and prejudice components are

questions of law that we review *de novo*. ***State v. Nielsen***, 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325. However, "[a] court need not address both components of this inquiry if the defendant does not make a sufficient showing on one." ***State v. Smith***, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

I.   *Trial counsel's failure to object to the jury instruction which included the penalty enhancer statute number*

¶25   As described above, this claim stems from the jury instruction regarding the charge against Brown, which included a reference to WIS. STAT. § 961.48 relating to enhanced penalties in cases where the conviction would be a second or subsequent offense. When the trial court read the instruction, however, the name and substance of the statute was not read, only the statute number. The trial court subsequently addressed the issue with the parties, and Brown's trial counsel stated he did not see it as a problem, as the jurors probably did not know the full premise of the statute after only hearing its number.

¶26   The circuit court excluded this claim from its order for a ***Machner*** hearing, finding that it was speculative. A claim of ineffective assistance of counsel requires that a postconviction evidentiary hearing be held "to preserve the testimony of trial counsel." ***State v. Machner***, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). However, a defendant is not automatically entitled to an evidentiary hearing relating to his or her postconviction motion. ***State v. Bentley***, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). Rather, the circuit court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." ***Allen***, 274 Wis. 2d 568, ¶14. This is a question of law that we review *de novo*. ***Id.***, ¶9.

¶27 If, on the other hand, the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court, in its discretion, may either grant or deny a hearing. *Id.* We review such a discretionary decision under the deferential erroneous exercise of discretion standard. *Id.*

¶28 While "a defendant charged under a repeater statute has the right to have all evidence of any prior conviction kept from the jury trying the instant offense," *see* **Mulkovich v. State**, 73 Wis. 2d 464, 468, 243 N.W.2d 198 (1976), we conclude that Brown's claim does not allege sufficient facts to demonstrate that he is entitled to relief, *see* **Allen**, 274 Wis. 2d 568, ¶9. As just discussed, the substance of the penalty enhancement statute was not read—only its statutory number was referenced. Brown's counter to this point is that one of the jurors had stated during *voir dire* that she had worked at several law firms, so she "may" have recognized the statute number. However, as the circuit court noted in its denial of this claim in Brown's postconviction motion, the record indicates that the juror stated that she worked primarily in civil litigation, not criminal.

¶29 "A defendant must base a challenge to counsel's representation on more than speculation." **State v. Leighton**, 2000 WI App 156, ¶38, 237 Wis. 2d 709, 616 N.W.2d 126. Furthermore, Brown does not explain why and how this juror's legal job experience actually mattered with regard to this issue; specifically, Brown does not allege that the juror had worked on criminal cases and was therefore familiar with the referenced penalty enhancer statute. *See* **Allen**, 274 Wis. 2d 568, ¶23 (sufficient postconviction motions will have alleged "the five 'w's' and one 'h'; that is, who, what, where, when, why, and how").

11

¶30    Therefore, we conclude that Brown has not alleged sufficient facts to support his ineffective assistance claim and, as a result, the circuit court did not erroneously exercise its discretion in denying this claim without a hearing. *See id.*, ¶9. Consequently, this claim necessarily fails, and thus is not clearly stronger than the issue brought by appellate counsel in Brown's direct appeal. *See Romero-Georgana*, 360 Wis. 2d 522, ¶4; *Ziebart*, 268 Wis. 2d 468, ¶15.

II.    *Trial counsel's alleged failure to inform or consult with Brown regarding the State's plea offer*

¶31    We next turn to Brown's ineffective assistance claim regarding the plea offer, which was addressed at the *Machner* hearing. As described above, the record clearly indicates that a plea hearing was scheduled before the matter was set for trial, which is indicative of the plea offer having been discussed with Brown. Furthermore, trial counsel testified at the *Machner* hearing—credibly, according to the circuit court—that he always relayed and discussed plea offers as part of his extensive criminal practice. We will not disturb the circuit court's credibility determinations unless they are clearly erroneous. *See State v. Jenkins*, 2007 WI 96, ¶33, 303 Wis. 2d 157, 736 N.W.2d 24. Here, the record supports the circuit court's credibility determination.

¶32    Therefore, we conclude that Brown has not "ma[d]e the case" that his trial counsel was deficient with regard to the plea offer, as required. *See State v. Balliette*, 2011 WI 79, ¶67, 336 Wis. 2d 358, 805 N.W.2d 334; *see also Strickland*, 466 U.S. at 687. As a result, this claim of ineffective assistance also necessarily fails, and thus is not clearly stronger than the issue brought by appellate counsel in Brown's direct appeal. *See Romero-Georgana*, 360 Wis. 2d 522, ¶4; *Ziebart*, 268 Wis. 2d 468, ¶15.

### III. Trial counsel's failure to request the instruction for the lesser-included offense of possession

¶33    Finally, we address Brown's claim regarding the lesser-included offense, which was also addressed at the *Machner* hearing.  Again, we described above the substance of trial counsel's testimony, which explained his strategy for not requesting a lesser-included offense of simple possession—that it would conflict with their theory of defense that the cocaine did not belong to Brown.  Furthermore, the record indicates that the trial court did not believe that the evidence supported the lesser-included charge of possession.

¶34    "A strategic trial decision rationally based on the facts and the law will not support a claim of ineffective assistance of counsel."  *State v. Elm*, 201 Wis. 2d 452, 464-65, 549 N.W.2d 471 (Ct. App. 1996).  Furthermore, based on the comments by the trial court in the record, a request for the lesser-included instruction would not have been granted.  "Trial counsel's failure to bring a meritless motion does not constitute deficient performance."  *State v. Swinson*, 2003 WI App 45, ¶59, 261 Wis. 2d 633, 660 N.W.2d 12.  Therefore, this claim necessarily fails, and thus is not clearly stronger than the issue brought by appellate counsel in Brown's direct appeal.  *See **Romero-Georgana***, 360 Wis. 2d 522, ¶4; ***Ziebart***, 268 Wis. 2d 468, ¶15.

¶35    In sum, as we have rejected all of Brown's claims, we affirm the circuit court's order denying his WIS. STAT. § 974.06 motion.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.